## R. V. HIX v. D. D. DAVIS.

If A and B execute a joint and several note, a judgment against A is no bar to an action against B. The creditor may take several judgments and make his money out of either of them, or make a part out of one and a part out of the other.

(Debts, the amount of which are certain and made so by the act of the parties, and claims for damages for torts, the amount of which are uncertain, and depend upon the finding of a jury, commented on, explained and distinguished from each other by Chief Justice PEARSON.)

CIVIL ACTION, instituted by plaintiff, Hix, in the county of Jackson, from whence it was moved to HAYWOOD county, where it was tried before *Cannon, J.,* at the Fall Term, 1872, of the Superior Court.

The plaintiff, Hix, sued on a note given by the defendant and one Shanklin, as surety, for $640 and interest. In his complaint he admitted a payment of $400 by Shanklin, and $120 by Davis, the defendant, demanding in this suit payment for the balance. The note was given for land upon which the defendant is now living.

The defendant resists the payment, and avers that the plaintiff brought suit upon the note in one of the courts of South Carolina against the surety, Shanklin, who is a resident of that State, obtained judgment in that suit, which judgment had been satisfied.

To this the plaintiff replies that the judgment that was obtained against Shanklin in South Carolina was only for a part of the claim, and not for the whole of it; that the amount paid by Shanklin had been credited on the claim, and that to enable him to sue for the balance, the court in South Carolina had permitted him to withdraw the note; that since the judgment he had presented the note to the defendant, who promised to pay the amount left due, &c.

On the trial there was evidence of what was the usual custom of the courts of South Carolina in respect to ante war debts, and that the judgment against Shanklin was not

considered to be a full satisfaction of the claim, but rather as an equitable compromise. The defendant also offered in evidence a receipt for $120, "to be credited on a judgment and execution in favor of R. V. Hix, and against J. S. Shanklin, of Oconee county, S. C., said judgment and execution is in full of a note given by said Davis and Shanklin to Hix. Judgment rendered January 29th, 1869, at Anderson C. H., this June 12th, 1869." (Signed) R. V. Hix. He, the defendant, insisted that this receipt was in full satisfaction of the judgment. The plaintiff stated that he signed this receipt at the house of defendant in North Carolina; that he was by him informed a judgment had been given, and taking it for granted that it was for the whole debt, the receipt was so given.

His Honor reserved the question as one of law, as to the effect of the judgment in the court in South Carolina in extinguishing the claim of the plaintiff; and charged the jury if the receipt was given in ignorance of the true circumstances of the case, it would not be an acquittanee, nor any evidence of the plaintiff's sanction of the judgment in South Carolina, and that if they believed that afterwards when it was presented to him, the defendant promised to settle it, the plaintiff was entitled to recover. To this defendant excepted, and asked his Honor to charge, that even if the jury should find there was a subsequent promise, there was no consideration to support it, and the plaintiff could not recover. This instruction was declined.

The jury returned a verdict in favor of the plaintiff.

His Honor upon consideration of the point reserved, being of opinion that the judgment given in the court of South Carolina was a bar to the recovery of the plaintiff in in this suit, set aside the verdict of the jury, and entered a judgment of *non suit* against the plaintiff, from which he appealed.

*Dupre* and *Ashe,* for appellant.
No counsel, *contra.*

PEARSON, C. J. On the trial his Honor reserved the question, " as to the legal effect," of the judgment taken in South Carolina, and after verdict for the plaintiff set the verdict aside on the question reserved, and directed a *non suit.*

If A and B execute a joint and several note, a judgment against A is no bar to an action against B on the same note. The creditor may take several judgments and make his money out of either of them, or make a part out of one and a part of the other.

This is so well settled that we cannot suppose his Honor intended to rule that the mere fact of the judgment in South Carolina against Shanklin had the legal effect of being a bar to this action against Davis, although from the manner in which the case is made up, such would seem to be the point presented by the appeal; for, on a perusal of the record, we find that the plaintiff in his replication, admits " the judgment against Shanklin has been satisfied, and relies on the fact that owing to the condition of things in South Carolina, the jury cut his debt down to one half and raises the question that he has a right to recover the other half of the note and interest out of Davis, who is still in possession of the land for which the note was given." So the point decided by his Honor was not the mere legal effect of the judgment against Shanklin, but the legal effect of the judgment and its being satisfied in full, which he held was a bar to the action against Davis.

This is a new question and an interesting one, growing out of the complications of the war, and the fact that courts and juries in South Carolina did not allow the plaintiff to take judgment for more than one half of his debt, although it was contracted before the war, 1859.

It is clear that if the creditor takes judgment against A for the full amount of the note, and the judgment is satisfied, that is a bar to an action against B; or if judgment be taken against B, and afterwards the judgment against A is satisfied, B may upon *andita querela* within the year, or on *sci. fa.* after the year, have benefit of the fact, of the satisfaction of the judgment against A.

This doctrine rests upon the idea that the debt is extinguished by the satisfaction of the judgment, and that rests upon the idea that the judgment covers the whole debt. Here we see from the record that the judgment does not cover the whole debt, but only such a part of it as the jury chose to allow, to wit: one half of an ante war debt for land.

We think his Honor erred in not taking the distinction between the satisfaction of the judgment and the satisfaction of the debt. Here the judgment was satisfied; but the one half of the debt excluded by the judgment was not satisfied, and as to that there was no bar to the plaintiff's right of action; for it is settled that payment of a less sum is not a satisfaction of a greater, although accepted as such; except by anticipating the day of payment, or other circumstance.

Davis was no party to the action in South Carolina, and of course there is no estoppel as between him and the plaintiff, in regard to the amount of the debt. So we have the plain case of a debt paid in part by one obligor and unpaid as to the residue. The fact that as against Shanklin, the plaintiff is estopped by the verdict and judgment in regard to the true amount of the debt, cannot be taken advantage of by the defendant Davis; he was no party to that action, and estoppels are mutual.

The amount of the debt is fixed by the note—only a part of it has been paid by Shanklin, who has screened himself by satisfying the judgment in South Carolina. but how

does that exempt Davis from the duty of paying the balance?

His Honor fell into error by failing to distinguish between the effect of the judgment on the note and the satisfaction of that judgment, and the effect of the satisfaction of the note; if the note or debt be satisfied, of course that is an end of it, but so long as any part of the debt remains unpaid, we can see "no hook or crook" by which the principal debtor can avoid payment.

This case is not at all like the cases of damage for torts. See Buller Nisi Prins, 20, where a judgment and satisfaction against one of several tort persons is held to bar an action against the others.

The cases referred to turned entirely upon the measure of damages, which being uncertain are considered as fixed by the verdict, if the plaintiff after judgment in an action against one, elects to accept the damages found in satisfaction of the injury; but here there was no question as to the amount of the debt, that was fixed by the note, and the only question is, can the payment of a less sum be a satisfaction of a larger sum due as a debt agreed on, there being no change as to time, place or other circumstance. This is settled.

His Honor erred by not noting the distinction between debts, which are certain and made so by the agreement of the parties, and a claim of damages for torts, the amount of which is uncertain and depends on the verdict; in the latter case, if the plaintiff accepts satisfaction of a judgment, that extinguishes his cause of action; in the former as the amount of the debt is fixed by the note, payment of a part cannot extinguish the entire debt.

Error; judgment reversed, and judgment for plaintiff on the verdict.

PER CURIAM.                    Judgment reversed.