THE STATE *v.* GILBERT EVANS.

Where an indictment charged the larceny of a horse to have been committed at a certain time since the passage of the statute which prescribed the punishment of such a larceny, and the defendant was found guilty, judgment cannot be arrested upon the ground that prior to that time there had been several statutes prescribing different modes of punishment.

It is no ground for the arrest of judgment that the indictment charged the offence to have been committed in the said "count," as it had caption, "Cumberland county," and the defendant was stated to be of that county. It is an informality which is saved by the Rev. Code ch. 35 sec. 14.

The case of *State* v. *Wise*, 66 N. C. Rep. 120, cited, distinguished from this and approved, and that of *State* v. *Smith*, 63 N. C. Rep. 234, cited and approved.

This was an INDICTMENT for larceny in stealing a horse. The caption of the indictment was as follows: "North Carolina, CUMBERLAND county, Superior Court, Spring Term, 1873." It charged in the usual form that the defendant, late of the county of Cumberland, on the 1st day of February, 1873, in the count aforesaid, committed the act of stealing. The defendant pleaded not guilty, and after his trial and conviction moved in arrest of judgment. 1st. Because there had been several statutes which were passed in the years 1866, 1868 and 1869 which prescribed different modes of punishment for horse stealing, and the indictment did not show under which statute the defendant was charged and convicted. The case of the *State* v. *Wise*, 66 N. C. Rep., 120, was relied upon in support of this ground of objection. 2d. Because it did not appear from the indictment that the offense alleged was committed in any county of the State. In support of this it was contended that the Court could not read the word "count" for county.

Both objections were overruled by his Honor, *Buxton, J.*, and the defendant was sentenced to confinement in the penitentiary for five years, and from the judgment he prayed and obtained an appeal to the Supreme Court.

*Hinsdale,* for the defendant.
*Attorney General Hargrove,* for the State.

READE, J.   At the time charged in the indictment when
the offense was committed, and at the time when it was
proved to have been committed, there was but one statute
in existence prescribing the punishment of the offense
charged, although there had been years before several stat-
utes changing the punishment from time to time.   And on
this ground the defendant moved in arrest of judgement.   His
argument is that inasmuch as the time stated in the indictment
is not traversable, and need not be proved, its office is not to
inform the Court when the offense was committed, and that
although the indictment charges the offense to have been
committed after the statute, yet a conviction might have
been had although the crime had been committed before.
And the defendant relies on *State* v. *Wise,* 66 N. C. Rep., 120.
But that case was not like this.   The indictment in Wise's
case charged the crime to have been committed the 1st day
January, 1871, at which time the punishment was confine-
ment in the penitentiary.   Subsequently an Act was passed
making the punishment death.   This Act was ratified 4th
April, 1871.   The offense was proved to have been com-
mitted after this last Act, although it was charged in the
indictment to have been committed before, and the punish-
ment was laid under the last Act, death.   The Court arrested
the judgment because it could not see from the indictment
on the record that the offense was committed after the Act
of the 4th April, 1871.

But in the case before us there was but one statute in ex-
istence and the indictment charges the offense to have been
committed after the statute, and the verdict is guilty in
manner and form as charged.

So that it does appear to the Court at what time the of-
fense was committed and what is the proper punishment.

The second objection made by the defendant is that the indictment does not charge the offense to have been committed in the county, but in the "count."

The indictment is headed "Cumberland county," and states that the defendant was "of Cumberland county," and that he committed the offense in the "count aforesaid." Now there is no "count aforesaid" to which this can refer, and it is palpable that it refers to the *county* aforesaid, and the defendant could not have been misled. It is an informality (may be an inexcusable negligence) which is cured by our statute, Rev. Code chap. 35, *State* v. *Smith*, 63 N. C. Rep. 234.

There is no error. This will be certified, &c.

PER CURIAM.                Judgment affirmed.