STATE v. W. K. PARKER.

*Indictment, conclusion of.*

An indictment concluding "against the peace and dignity," omitting the
words " of the state," is not insufficient. The defect is cured by act of
assembly.

(*State* v. *Tribatt*, 10 Ire., 151 ; *State* v. *Smith*, 63 N. C., 234 ; *State* v. *Davis*, 80 N. C., 384; *State* v. *Evans*, 69 N. C., 40 ; *State* v. *Moses*, 2 Dev.,
452, cited and approved.)

INDICTMENT for Obstructing a Highway tried at Spring
Term, 1879, of EDGECOMBE Superior Court, before *Eure, J.*

After a verdict of guilty the defendant's counsel moved
in arrest of judgment because [the indictment concluded
"against the statute in such case made and provided and
against the peace and dignity." The words "of the state "
were omitted, and the offence was one at common law. His
Honor granted the motion and *Collins*, solicitor for the state,
appealed.

*Attorney General*, for the State.
*Messrs. Howard & Nash*, for the defendant :

Every offence against a statute should be laid *contra pacem*, and though there are precedents without this conclusion, they do not appear to be warranted, except where the
offence consists in a bare non-feasance ; and where the averment is necessary it must be alleged to have been committed *contra pacem domini regis*, and *contra pacem* alone is insuf-

ficient. 1 Bish. Cr. Pro., § 158; 2 Hale P. C., 188. Although the provision in the old constitution requiring the conclusion in full has been dropped from the present constitution, it was merely declaratory and has only relegated the matter to legislative control; and the legislature has not touched it. The statute relates entirely to the *corpus* of the offence, and cures certain defects in form after verdict, which defects are specified, and this is not one of them. Bat. Rev., ch. 33, § 66.

ASHE, J. The indictment in this case is for obstructing a highway, and concludes "against the statute in such cases made and provided, and against the peace and dignity."

The defendant was found guilty by a jury, and on motion of his counsel, the judgment was arrested, upon the ground we suppose that the indictment concluded against the peace and dignity, omitting the words " of the state."

The conclusion, against the peace of the king, has been uniformly held in England to be necessary in all indictments whether for statutory or common law offences. And in our constitution of 1776 it was expressly provided that indictments should conclude against the peace and dignity of the state, but the constitution of 1868 omits this requirement, and ever since the year 1811 it has been the evident tending of our courts, as well as law-makers, to strip criminal actions of the many refinements and useless technicalities with which they have been fettered by the common law, the adherence to which often resulted in the obstruction of justice and the escape of malefactors from merited punishment.

The first step in that direction was the act of 1811, which provided that "every criminal proceeding by indictment, information or impeachment, shall be sufficient in form for all intents and purposes, if it express the charge against the defendant in a plain, intelligible and explicit manner; and

the same shall not be quashed, nor the judgment thereon stayed by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the court to proceed to judgment;" then the act of 1854, providing that no judgment should be stayed or reversed for the want of the averment of any matter unnecessary to be proved, &c.; then the omission in the constitution of 1868 of the requirement that indictments should conclude against the peace and dignity of the state, which it is to be supposed was done with a purpose; and next the decisions of this court construing those statutes in which it has evinced a strong leaning to the relaxation of the rigid and technical rules of the common law.   For instance it has been held that indictments with the conclusions "against the act of assembly," "against the statute," "against the force of the statute," are good.   State v. *Tribatt,* 10 Ire., 151 ; *State* v. *Smith,* 63 N. C., 234; *State* v. *Davis,* 80 N. C., 384. See also *State* v. *Evans,* 69 N. C., 40; *State* v. *Moses,* 2 Dev., 452.

It is perfectly manifest that the words in this indictment "against the peace and dignity" mean the peace and dignity of the state.   They cannot be understood to have any other meaning.   The objection is purely technical; and to arrest the judgment on such a ground would be giving full force to the refinement which it was the purpose of the legislature to cure, by the acts of 1811 and 1854.   There is error.   Let this be certified, &c.

Error.                                                Reversed.