THE STATE v. W. F. KIRKMAN et al.

*Indictment—"Against the Peace and Dignity of the State."*

1. It is not now essential that an indictment shall conclude, " against the peace and dignity of the State." The ancient rule requiring such averment is not sanctioned either by the Constitution or statutes of this State. *The Code,* §§ 1183, 1189.

2. *State* v. *Joyner,* 81 N. C., 534, so far as it conflicts with the opinion in this case, is overruled.

Indictment for Incest, tried before *Connor, J.,* at November Term, 1889, of IREDELL Superior Court.

The defendants were found guilty by a jury, and, on motion of their counsel, the judgment was arrested, on the ground that the usual concluding words, " against the peace and dignity of the State," were omitted from the indictment. The State appealed.

*The Attorney General,* for the State.
*Mr. D. M. Furches,* for the defendants.

CLARK, J.: The conclusion, " against the peace and dignity of the King," was held in England to be necessary in all indictments. No reason was assigned for it except that it had been customary. It furnished no light to the defendant, and its employment was not required by any statute. As every criminal offence is, in its nature, " against the peace," its use is tautology, and, doubtless, originated in the rhetorical flourish of some ancient and forgotten pleader.

In our Constitution of 1776 it was provided that indictments should conclude, " against the peace and dignity of the State," but this requirement is in the same clause which regulates the form in which commissions, grants and writs shall run, and was evidently intended merely to place in the

organic law a provision that, in all legal proceedings and documents thereafter, the word "State" should be substituted for "King" in all places where the latter had, till then, been customarily used. The Constitution of 1868 omits this requirement.

Ever since 1784, "it has been the evident tendency," as is said by ASHE, J., in *State* v. *Parker*, 81 N. C., 531, "of our Courts, as well as our law-makers, to strip criminal actions of the many refinements and useless technicalities with which they have been fettered by the common law, the adherence to which often resulted in the obstruction of justice, and the escape of malefactors from merited punishment." The first step in that direction was the Act of 1784, applicable to indictments and criminal proceedings in the County Courts, and which, by the Act of 1811, was extended to criminal proceedings in the Superior Courts as well. This act has now become § 1183 of *The Code*, and provides: " Every criminal proceeding by warrant, indictment, information or impeachment, shall be sufficient in form for all intents and purposes, if it express the charge against the defendant in a plain, intelligent and explicit manner, and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality for refinement, if, in the bill of proceeding, sufficient matter appears to enable the Court to proceed to judgment." Then followed the provision of the Revised Code of 1854, now § 1189 of the present *Code*, that "no judgment upon any indictment shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved."

The omission in the present Constitution of the requirement that indictments shall conclude " against the peace and dignity of the State," was not made without a purpose, and is. in accord with the manifest tendency to simplify criminal, as well as civil, proceedings, and to try all causes upon their merits, stripped of useless refinements and tech-

nicalities, which never aid, and often hinder, the due admin-
istration of justice. This tendency is shown in many
decisions of this Court, which hold to be sufficient indict-
ments concluding "against the Act of Assembly," "against
the statute," "against the form of the statute," &c. *State* v.
*Tribatt*, 10 Ired., 151; *State* v. *Moses*, 2 Dev., 452; *State* v.
*Smith*, 63 N. C., 234; *State* v. *Evans*, 69 N. C., 40; *State* v.
*Davis*, 80 N. C., 384.

In *State* v. *Parker*, 81 N. C., 531, above cited, the Court
held sufficient an indictment concluding "against the peace
and dignity," omitting the words "of the State," though it
would seem that the omitted words were precisely the
material ones required by the constitutional provision of
1776. At this term, we have held also, in *State* v. *Sykes*, that
a conclusion, "contrary to law," is sufficient.

In *State* v. *Moses*, above cited, the elder RUFFIN, than whom
a greater lawyer never sat on this bench, refers to the fact
that "many sages of the law had called nice objections of
this sort a disease of the law and a reproach to the bench."
He expresses the opinion that by the act of 1811 (now *The
Code*, § 1183), "the Legislature meant to *disallow the whole of
them* and only require the *substance*, that is, a direct averment
of those *facts* and *circumstances* which *constitute the crime* to
be set forth."

We are not unaware that a contrary opinion to ours has
been held in *State* v. *Joyner*, 81 N. C., 534. But in view of
the broad and clear expressions of the statute we cannot hold
that case as authority, and deem the reasoning used, and the
conclusion reached in the case above cited of *State* v. *Parker*,
in the same volume, more consonant with the expressed will
of the legislative power.

Indeed, it may be noted that even in England, where the
words "against the peace of the King" are held material, it
is considered that their omission is not ground for a motion

104—58

in arrest of judgment, but the objection must be taken at an earlier stage. Archbold's Criminal Pleading, p. 58. Our statute makes the bill "sufficient in form for all intents and purposes if it express the *charge* against the defendant in a plain, intelligible and explicit manner," and if that is done forbids that the bill should either be "quashed or judgment arrested" by reason of any informality or refinement.

The judgment in arrest must be set aside, and the case remanded to the Superior Court that it may proceed to pass judgment in conformity with this opinion.

*Per curiam.*                                          Error.