KAREN B. McMAHAN (GUZMAN) v. DAVID C. McMAHAN AND SEABOARD COASTLINE RAILROAD COMPANY

No. 8320DC870

(Filed 5 June 1984)

**Constitutional Law § 24.7; Process § 9.1— no personal jurisdiction over non-resident defendant**

    No grounds existed for the exercise of *in personam* jurisdiction over the nonresident defendant, and the exercise of such jurisdiction would violate due process, where the trial court made no finding that defendant at any time had been in this state or had had any contacts therewith.

APPEAL by defendant David C. McMahan from *Honeycutt, Judge.* Judgment entered 11 May 1983 in District Court, UNION County. Heard in the Court of Appeals 8 May 1984.

*Joe P. McCollum, Jr. for plaintiff appellee.*

*Robert L. Huffman for defendant appellant.*

HILL, Judge.

Plaintiff seeks domestication of an order previously entered by the family court of Abbeyville, South Carolina, awarding to her custody of two minor children born of her marriage to the defendant, together with an award of child support. She also seeks an award of child support for one minor child, an award of the amount for which the defendant is in arrears, together with an award of attorney fees. She further prays an order be entered requiring Seaboard Coastline Railroad to garnish the wages of defendant pursuant to G.S. 110-136.

Defendant was mailed a copy of the complaint and notice to Abbeyville, South Carolina by registered mail, restricted delivery. Defendant moved to dismiss the action on the ground that he at no time had been a resident of North Carolina, and the court in this state had no jurisdiction over him. The motion was denied, and defendant appeals. The trial court made no finding that defendant had at any time either been in this state or had any contacts whatever therewith. The record contains no evidence to support such a finding had it been made. Thus, none of the grounds for the exercise of *in personam* jurisdiction under G.S. 1-75.4 are present; and exercise of such jurisdiction would violate the due process clause of the Fourteenth Amendment. *See Kulko v. California Superior Court*, 436 U.S. 84, 56 L.Ed. 2d 132, 98 S.Ct. 1690 (1978). The court thus erred in denying the motion to dismiss.

There are other avenues available to plaintiff which could provide her relief. Without leaving the state, plaintiff may proceed under the Uniform Reciprocal Enforcement of Support Act (URESA). G.S. 52A-1 *et seq.; see also Stevens v. Stevens*, 68 N.C. 234, 314 S.E. 2d 786 (1984). Plaintiff may also return to South Carolina to enforce the order entered in the family court in Abbeyville. See section 14-21-40 *et seq.* and 15-39-420, Code of Laws of South Carolina.

We reverse and remand for an order consistent with this opinion.

Reversed and remanded.

Judges WEBB and WHICHARD concur.