[No. 4591.]

AICHELE, COUNTY CLERK AND RECORDER OF ARAPAHOE COUNTY, v. JOHNSON, AS JUDGE OF THE DISTRICT COURT OF ARAPAHOE COUNTY ET. AL.

1. **Prohibition—Contempt.**

   In the absence of special circumstances the supreme court

will not issue a writ of prohibition to prevent the district court from proceeding in a matter of contempt, since a writ of error to review the judgment in such proceeding furnishes an ample remedy.

**2. Same.**

Where petitioner was afforded an opportunity to present and have heard his application for a writ of prohibition to prevent the district court from enforcing a writ of injunction before he violated the same, but declined to avail himself of the opportunity, after violating the injunction, he is not in a position to invoke the discretionary power of the court to issue a writ of prohibition to prevent the district court from proceeding against him for contempt.

### Original Application for Writ of Prohibition.

By the general registration act provision is made for a permanent list of qualified voters to be prepared under the supervision of the county clerks of designated counties, including the county of Arapahoe. It is thereby made the duty of the county clerk at least three days before the day of an election to make full and complete certified copies of the registration lists of the voters in their respective election precincts, and to deliver such lists to the election judges for the proper precincts one day prior to election.— 3 Mills' Ann. Stats., sec. 1692m.

A general election was to be held throughout the state on the 4th day of November, 1902. On the 30th day of October, the same being five days before the day of election, an action by the representative of a political party was begun in the district court of Arapahoe county by the filing of a complaint which, *inter alia*, charged that the defendant, the county clerk of Arapahoe county, and his deputies had permitted, allowed, made and caused to be entered upon the registration books in his office at divers times, many thousands of false and fraudulent registrations of persons not qualified to be registered in such precincts and also fictitious names as the names of per-

sons entitled to be registered, and that defendant and his deputies had confederated and conspired to prevent a free and open election by unlawfully and wilfully entering upon and adding to the registration books in his office thousands of such fictitious names, addresses and descriptions of fictitious persons with the purpose and intention that such fictitious names should be voted on at the coming election by disreputable men and women. A writ of injunction was asked to restrain the defendant from making, certifying or delivering to the judge of specified election precincts in the city of Denver the false and fictitious names set out in the complaint. An *ex parte* injunction was issued as prayed for.

On the following day the county clerk appeared and filed a paper, which the court treated as a demurrer to the complaint, and asked to have the injunction dissolved and the action dismissed upon the ground that the district court had no jurisdiction to interfere with him in the discharge of his duties under this statute. The application was denied on the night of the same day, and the temporary writ of injunction theretofore issued was continued in force.

On the following day counsel for the county clerk made inquiry, through the proper source, when the supreme court would entertain an application for a writ of prohibition to restrain the district court from enforcing its injunctive writ, and was informed that the court would hear the same at any time prior to the day of election. On Monday, the day preceding election day, counsel for the county clerk appeared in open court and made a statement to the effect that proceedings had gone so far in the district court that he would not then ask this court for such hearing.

On the 6th day of November the county clerk was cited to appear before the district court to show cause why he should not be punished for a contempt

of court in disobeying the writ, it being alleged that, contrary to its command, respondent, as county clerk, had made, certified and delivered to the election judges copies of such registration lists. The county clerk, in due course of proceeding, appeared in answer to the citation, and, among other defenses, again raised the question of the court's jurisdiction, which was again by the court ruled against him. The court then said that on the 21st day of November it would proceed to consider whether or not the county clerk had violated the injunction, and whether he was in contempt of court. The latter (petitioner herein), upon the last-mentioned day, filed his petition herein asking for a writ of prohibition, or other appropriate writ, to issue out of this court and directed to the district court to prohibit the latter from proceeding further in relation to the alleged contempt.

Mr. HARVEY RIDDELL, for petitioner.

Mr. H. J. HERSEY, for respondents.

*Per Curiam.*—Two principles or rules have been firmly established in this jurisdiction; one that a writ of prohibition, being a discretionary writ, will not go where there is an adequate remedy at law; the other, that a writ of error is an ample and appropriate remedy for the review of a judgment imposing a penalty for contempt of court.

Upon the first proposition two late cases in this court are directly in point. In *People v. The District Court,* 29 Colo., 1 (66 Pac., 888), it was said: "The writ of prohibition is not one of right. It may issue in extraordinary cases in the exercise of a sound discretion of the court to which the application therefor is addressed, but never where the ordinary remedies by law are applicable and adequate. Neither

should it be permitted to supersede the ordinary functions of an appeal or writ of error."

In *People v. The District Court,* 29 Colo., 83 (66 Pac., 1068), in somewhat different phraseology, the same thought is thus expressed: "The granting of the writ of prohibition rests in the sound discretion of the court. The writ is not a writ of right, and it cannot be converted into a writ of error.  *  *  * In cases where it appears that the lower court had no jurisdiction, the writ will not go, if, in the opinion of the court, the complainant has an adequate remedy at law."

Concerning the second poposition, it was said in *Cooper v. The People,* 13 Colo., 337, 354, that our code provision making a judgment in cases of contempt final and conclusive has no reference to the mode of review, but that it must be construed as a limitation upon the authority of the supreme court in contempt proceedings to extend its inquiry beyond the question of the jurisdiction of the court below. And it was further said that, "The remedy by writ of error, however, as we have it, has been found ample to meet all cases, as it furnishes a remedy when either of the other writs might have been resorted to."

In *Wyatt v. The People,* 17 Colo., 252, 256, in an opinion by Mr. Justice Helm, the court remarked that where imprisonment is being suffered, *habeas corpus* is the usual procedure for inquiring into the question of jurisdiction. But he also said in that connection, that by a writ of error the same inquiry might be had and that "the latter method of procedure possesses decided advantages over the former, and jurisdiction in cases pending on error for review is always a pertinent inquiry;" and concluded with this observation: "The practice has been recognized in a number of other cases and may now be re-

garded as firmly established in this state.'' In still
other and subsequent cases this court has placed itself
in line with the later decisions of the supreme court
of the United States, and concluded that the better
practice is to put the complaining party to his remedy
by writ of error rather than to award him a writ of
*habeas corpus,* or some other extraordinary remedy,
when the same questions may be investigated by
each.—*In re Tyson,* 21 Colo., 78; *People v. District
Court,* 26 Colo., 380, 385.

Since, therefore, in the review of a judgment in
contempt proceedings the only subject of inquiry for
a reviewing court is the question of the jurisdiction
of the court below and that question may be as fully
and completely investigated on a writ of error as in
a proceeding by prohibition, in the absence of special
circumstances, there is no reason for awarding the
latter.

Not only is there an absence of such special cir-
cumstances here, but petitioner's course of conduct
has not been such as to invoke the exercise of a discre-
tionary power by a tribunal of justice. He was afford-
ed an opportunity by this court to present and have
heard his application for a writ of prohibition before
the election was held, but for reasons satisfactory to
himself declined to avail himself of that opportunity,
but delivered to the election judges after service of
the injunctive writ copies of the lists which he says
were theretofore made, though he protests this was
not a violation of the order. He is, therefore, be-
cause of such delay and deliberate choice of action in
disregard of an injunction, not in a strong position to
invoke the discretion of this court in now demanding
the extraordinary relief prayed for. But the remedy
by writ of error is so peculiarly appropriate for in-
vestigating the questions he seeks to raise, and the
relief, if he is entitled to any, which may therein be

awarded is so ample, that petitioner should be remitted to the ordinary remedy which the law gives.

The petition is denied and the proceeding dismissed.                                      .Writ denied.