[No. 4828.]

In re Moyer, Petition for Writ of Habeas Corpus.

1. **Habeas Corpus—Practice in Supreme Court—Custody of Prisoner.**

Authority of the supreme court to issue the writ of habeas corpus is derived from the constitution and not from the statutes, and in the exercise of its original jurisdiction in issuing the writ its practice is governed by the rules of court and not by the statute. Upon the return of the writ the original custody terminates and the prisoner is then in the custody of the court, and, pending the hearing, the court may admit him to bail or remand him to the custody of the officer who had him in charge or make such order in the case as shall be deemed proper.

2. **Habeas Corpus—Temporary Bail—Jurisdiction.**

Upon an application for a writ of habeas corpus, where the return sets up that the prisoner is held by order of the governor as commander-in-chief of the militia and as a military necessity, that the prisoner is a leader of a band of lawless persons engaged in an insurrection and has aided and abetted such persons in defiance of the law and that peace cannot be speedily restored unless the prisoner remains in the custody of the military, and questions the jurisdiction of the court to discharge the prisoner, pending the hearing of the application and the determination of the question of jurisdiction, the prisoner should not be admitted to bail but should be left in the custody of the military.

*Original Proceeding on Application for Writ of Habeas Corpus.*

*On Motion for Bail Pending Hearing.*

Messrs. Richardson & Hawkins, for petitioner.

Mr. N. C. Miller, Attorney General, Mr. I. B. Melville and Mr. H. J. Hersey, Assistants Attorney General, and Mr. John M. Waldron, for respondents.

Mr. Justice Steele delivered the opinion of the court.

Upon the return day of the writ, and pursuant to its commands, the respondents named in the writ pro-

duced the body of the petitioner. Upon the same day Sherman M. Bell, as brigadier general and adjutant general of the state, made return to the writ, and therewith filed objections to the further exercise of jurisdiction by the court. From the return it appears that on the 23d day of March, 1904, the governor of the state, by his proclamation, proclaimed and declared the county of San Miguel to be in a state of insurrection and rebellion; that immediately after the issuance of the proclamation the governor commanded the respondent to forthwith proceed to the county of San Miguel with such portion of the national guard of the state as might be deemed essential, and to use such means as might be deemed necessary for the restoration of peace in said county and for the effectual suppression of the insurrection and rebellion; that, pursuant to the command of the governor, he proceeded to the county of San Miguel with a portion of the national guard of the state; that after his arrival at the county of San Miguel he became satisfied and convinced that the said Moyer was a prominent leader of bands of lawless men engaged in acts of insurrection and rebellion, and that so believing he caused the arrest and detention of said Moyer; that in his judgment, in order to prevent the said Moyer from lending aid, comfort and direction to the lawless persons now engaged in rebellion in said county, and in order to restore public tranquillity, it is absolutely necessary to detain said Moyer and restrain him of his liberty. That as the officer in command of the national guard, now on duty, he detains the said Moyer, and that he has been commanded by the governor of the state not to surrender or release the said Moyer during the existing and continuing condition of affairs in said county, either upon writ of *habeas corpus* or otherwise, until further orders.

Attached to the return is a certificate of the governor in which he states that the facts contained in the return are true, and that the arrest and detention of said Moyer were effected under his direction as governor and commander-in-chief of the national guard of the state, and that in his judgment the continued retention of the person of said Moyer is a necessary and essential step in the restoration of public peace and order and the suppression of the existing state of insurrection and rebellion in said county.

When the return was presented, the attorney for the petitioner requested that the date for the hearing upon the merits be fixed by the court within five days from the return day of the writ, in accordance with section 2108, Mills' Annotated Statutes; and stated that unless the cause should be set within five days, the petitioner desired to be admitted to bail. The application for bail is resisted by the governor upon the ground that as, in his judgment, the detention of the petitioner is a military necessity, the court is without authority in the premises.

Our authority to issue the writ is derived from the constitution, and not from the statute; and when this court, in the exercise of its original jurisdiction, issues the writ, the practice is governed, not by the statute, but by the rules of the court. By the adjudicated cases it is held that upon the return of the writ the original custody terminates, and that the prisoner is then in the custody of the court, and that pending the hearing, the court may, in its discretion, admit him to bail or remand him to the officer who had him in charge, or make such order in the case as shall be deemed proper.

Mr. Justice Swayne, speaking for the supreme court of the United States, in the case *Barth v. Clise,* reported in 12 Wallace at page 400, said: "By the common law, upon the return of a writ of *habeas*

*corpus,* and the production of the body of the party suing it out, the authority under which the original commitment took place is superseded. After that time and until the case is finally disposed of, the safe keeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus.* Pending the hearing, he may be bailed *de die in diem,* or be remanded to the jail whence he came, or be committed to any other suitable place of confinement under the control of the court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded.''

The rules announced in the cases cited are probably not applicable to cases like the present, where the executive head of the government, at the time of the return, questions the jurisdiction of the court, and states that he holds the petitioner by virtue of his authority under the constitution as the commander-in-chief of the national guard. And we are required at this time to assume further jurisdiction or to hold the question of jurisdiction in abeyance by remanding the petitioner to the custody of the respondents. We have undoubted authority to issue the writ in the first instance, but whether our jurisdiction continues depends upon circumstances. In the case at bar the respondent declares that he detains the petitioner as a military necessity, and that he has been commanded by the governor to not surrender the petitioner, either upon writ of *habeas corpus* or otherwise. The question, then, as presented by the return, is: Can the governor, under the constitution, and under the conditions shown to exist, declare martial law and as incident thereto suspend

the privilege of the writ of *habeas corpus?* If the constitution authorizes the governor so to do, then we have no further jurisdiction. If the power to declare martial law and to suspend the privilege of the writ of *habeas corpus* is confided by the constitution to the legislature, the governor is without authority to detain the petitioner, and we have jurisdiction to discharge him.

At the time of the issuance of the writ it was stated that we reserved the right to pass upon the question of our jurisdiction when final disposition was made of the case; and if we were now to admit the prisoner to bail we should, in effect, determine that we have jurisdiction, and should, pending the hearing, grant all the relief that the petitioner demands. If the liberty of the petitioner alone were involved, we should probably resolve the doubt in his favor, admit him to bail, and determine the question of jurisdiction afterward; but the head of the executive department of the state has stated in the return to the writ that in his solemn judgment peace and tranquillity cannot be speedily restored in the county of San Miguel unless the petitioner remains in the custody of the military authority. Therefore the matter involved affects not only the liberty of the petitioner, but the peace of the people of San Miguel, and, incidentally, the tranquillity of the people of the entire state.

Although many of the averments of the return are denied, we shall accept, for the purpose of determining the question here presented, the statements therein contained as true. And if they are so accepted, we should not admit the petitioner to bail in the face of the declaration of the governor that the petitioner has aided and abetted those who stand in defiance of the law, and that he is the leader of a band of lawless men engaged in acts of insurrection.

To admit the petitioner to bail before we have determined the main question would, it seems to us, be invading the legitimate province of the executive department, and that we are restrained from doing by the fundamental law.

Nothing we have said should be regarded as foreshadowing the decision upon the important questions which must necessarily be determined upon the final hearing.

Although the chapter of the statutes on the subject of *habeas corpus* is not applicable to original proceedings in this court, we usually adopt the statute for our guidance on questions of practice; and we should set the hearing of this case within five days from the return day of the writ if all the members of the court could then be present. The questions involved affect the privileges and liberties of the people of the whole state, and we think these questions are so important as to require that all the members of the court participate in their determination. We shall therefore decline to set the cause within the time fixed by statute, but do set it for hearing on Thursday, May 5, at the hour of ten o'clock.

The application for bail is denied.

Mr. Justice Campbell not participating.