## No. 12,035.

PEOPLE EX REL. PALMER, ET AL. *v.* ADAMS, GOVERNOR, ET AL.

Decided February 20, 1928. Rehearing denied March 12, 1928.

On petition for writ of habeas corpus.

### *Writ Denied.*

1. PLEADING—*Habeas Corpus.* Generally, a petition for writ of habeas corpus should contain in substance merely an allegation that petitioner is unlawfully restrained of his liberty. Statements of evidentiary matter should not be inserted.

2. HABEAS CORPUS—*Supreme Court.* When an application for writ of habeas corpus is made in the Supreme Court invoking its original jurisdiction, the writ may be denied in the first instance, if adequate relief may be afforded by inferior courts.

3. APPELLATE PRACTICE—*Habeas Corpus.* A party may not, under the guise of a petition for writ of habeas corpus in the Supreme Court, have a review of a judgment. of an inferior court denying a similar petition. He should have the judgment reviewed by writ of error.

4.    *Habeas Corpus.* The Supreme Court will decline to take original jurisdiction in a habeas corpus proceeding where there is an adequate remedy otherwise.

## *Original Proceeding.*

Mr. GUY D. DUNCAN, for petitioners.

No appearance for respondents.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

FRANK L. Palmer and others have filed in this court their petition for a writ of habeas corpus, naming as the respondents William H. Adams, governor, and Paul P. Newlon, adjutant general, of the State of Colorado, wherein petitioners allege that they have been unlawfully imprisoned by the state officers, and ask for the issuance of the writ to release them from custody.

We decline to take jurisdiction for the following reasons: The case of *Wheeler v. Northern Colorado Irrigation Co.,* 9 Colo. 248, 11 Pac. 103, in an opinion by Mr. Justice Helm, is, perhaps, the principal case relating to original jurisdiction of our Supreme Court. The learned judge said, among other things, that the Supreme Court is primarily and essentially a court of appellate jurisdiction and only in questions publici juris in which the sovereign state as a whole is concerned, and where ade-

quate relief may not be afforded by the inferior courts of original jurisdiction, will the Supreme Court take jurisdiction under its limited original power, and such writs in general in this court should be put only to prerogative uses. The petition before us is unnecessarily prolix and contains much matter that is foreign to a petition for a writ of habeas corpus. Speaking generally, such a petition should contain, in substance, merely that the petitioner is unlawfully restrained of his liberty. The pleading of evidentiary matter and, as in this case, the history of the pending coal strike in this state, should not be inserted. Our Constitution provides (sec. 21, art. II), that the privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion, the public safety may require it. When a proper petition for the writ is filed in our district courts, the writ is issued or a rule to show cause is entered. When, however, an application for the writ is made in the Supreme Court invoking its original jurisdiction, the writ may be denied in the first instance if adequate relief may be afforded by inferior courts. The petition filed here sets forth that Frank L. Palmer, one of the petitioners here, and other persons, had previously filed a similar writ in the district court of Weld county, which was issued, and upon final hearing was dismissed by the court; and the further allegation is that the trial court observed in denying relief that, if future applications of a like character were made, the decision would be the same, and, therefore, the petitioners here say it would be useless for them to file their petition in the district court.

We observe, in the first place, that the petitioners in the Weld county court might have had, by a writ of error to the Weld county judgment, a review thereof by this court, and have had settled precisely the same questions determined in that, that are involved in this, case, and our decision here would be a precedent in similar cases that might thereafter be filed in the district court. Petitioners here are virtually asking in the petition for a writ

of habeas corpus an indirect review of the decision of the district court of Weld county, which could be had in a writ of error thereto, but not in a habeas corpus proceeding.

This court, in *In re Stidger,* 37 Colo. 407, at page 422, 86 Pac. 219, 223, said where a petitioner for a writ of habeas corpus has an adequate remedy by writ of error to review the judgment complained of, he may not obtain relief in an original proceeding of habeas corpus in the Supreme Court, and the court there speaking through Mr. Justice Gunter, said: "This same principle applies to all attempts to invoke the original jurisdiction of this court. We refuse to entertain them when there is an adequate remedy otherwise. We must decline to entertain jurisdiction of this (habeas corpus) proceeding and the same will be dismissed."

The same ruling was had in *In re Doherty,* 37 Colo. 422, 86 Pac. 224. Here we have two previous decisions of this court declining to take jurisdiction by habeas corpus where the applicant has other adequate remedy. It may be said that this court, in *In re Moyer,* 35 Colo. 154, 91 Pac. 738, entertained an original proceeding under an application for a writ of habeas corpus. The record, however, in that case, at page 173, presents a state of facts essentially different from the facts in the case at bar, upon which both the applicant for the writ and the attorney general in behalf of the state were in accord that the original application in this court should be heard and determined. In that case it appears that after Moyer had been seized and imprisoned by the adjutant general, acting under orders of the governor, he sued out a writ of habeas corpus in the district court of Montrose county, and had by that court been released from the imprisonment, but the adjutant general, acting under orders of the governor, refused to obey the writ, and, therefore, application to this court was the only remedy open to petitioner.

Without, therefore, expressing our view as to the merits of this application, we are compelled under our established practice, not to assume jurisdiction. The applicants must therefore obtain their relief, if any they are entitled to, in some court of original jurisdiction over such controversies. This application, therefore, will be and the same is denied without prejudice to a renewal of the same in the appropriate tribunal.

All the Justices concur except Mr. Justice Walker, not participating, as he was not present when the petition was presented and denied.