. No. 15,770.

ROGERS *v.* BEST, WARDEN.
(171 P. [2d] 769)

Decided July 29, 1946.

Mr. JOHN W. ELWELL, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

HARRY ROGERS began an action in this court seeking an "original writ of habeas corpus" against Roy Best as

warden of the state penitentiary, and in the "application" for which, he alleged that he was unlawfully imprisoned and restrained of his liberty.

The parties will be referred to as petitioner and respondent.

In the "application" it is alleged that petitioner was informed against in the district court of Pueblo county in two separate informations charging him with aggravated robbery, to both of which informations he entered his plea of guilty. On the 26th day of October, 1937, judgment was pronounced, and he was sentenced to imprisonment for life on each of the two charges, the sentences to run concurrently. It is further alleged that by reason of the fact that no minimum, as well as maximum, sentences were imposed under the provisions of section 545, chapter 48, '35 C.S.A., petitioner is now entitled to a parole. It is also alleged in his "application" that he has no plain, speedy or adequate remedy at law in the premises.

██ ██ Rule 106 (a), R.C.P. Colo., abolishes the special forms that have heretofore been considered necessary and peculiar to the writ of habeas corpus, and relief may now be obtained either by an action or by a motion under the new practice set up in these rules. Under rule 116, R.C.P. Colo., we find, "A party seeking to invoke the original jurisdiction of the supreme court shall set forth in his complaint the circumstances which render it necessary or proper that the supreme court exercise its original jurisdiction. Cases in which the court exercises such jurisdiction shall be governed by these rules, subject to the power of the court to prescribe different procedure. * * * "

Under the provisions of chapter 77, '35 C.S.A., district courts have original jurisdiction in such remedial proceedings.

The "application" herein is fatally defective in that there is no allegation which sets forth "the circum-

stances which render it necessary or proper that the supreme court exercise its original jurisdiction."

We have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court. *In Re Stidger,* 37 Colo. 407, 86 Pac. 219; *In Re Rainbolt,* 64 Colo. 581, 172 Pac. 1068; *In Re Arakawa,* 78 Colo. 193, 240 Pac. 940; *People ex rel. v. Adams,* 83 Colo. 321, 264 Pac. 1090.

The "application" is denied and the action dismissed.