**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSHUA YOUNG RICHARDSON,

Petitioner-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
ARISTEDES W. ZAVARAS; GALE
A. NORTON, Attorney General,

Respondents-Appellees.

No. 99-1108
(D.C. No. 98-Z-2150)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Joshua Young Richardson, appearing pro se, appeals the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. The district court determined that because Richardson failed to exhaust his available state court remedies, his habeas issues were procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In reviewing the denial of a petition for a writ of habeas corpus, we accept the district court's findings of fact unless clearly erroneous and we review the court's conclusions of law de novo. *Hill v. Reynolds*, 942 F.2d 1494, 1495 (10th Cir. 1991). We construe Richardson's pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Applying this liberal construction to Richardson's appellate brief, we discern his appellate arguments as alleging that the district court erred in denying his habeas corpus petition because (1) there were special circumstances which should have excused Richardson from his failure to exhaust state court remedies, and (2) Richardson established cause for his procedural default.

Richardson was sentenced to sixteen years' imprisonment plus up to five years of supervised release for aggravated robbery and eight years' imprisonment plus up to five years of supervised release for theft. These sentences were to run concurrently. Since his initial incarceration, Richardson has twice been paroled and has twice been returned to prison on parole violations. In his habeas corpus

petition, he claimed that his parole revocation was illegal, the computation of his sentence following his parole revocation was incorrect, that he had served more prison time than his original sentence, and that he should be released immediately from prison.

Richardson has raised these issues in several state court actions. In 1997, the Colorado Supreme Court denied Richardson's original petition for writ of habeas corpus without reaching the merits. [1] On November 10, 1997, Richardson filed a petition for writ of habeas corpus in state district court, Arapahoe County, Colorado. He moved to dismiss this petition six weeks later on January 29, 1998, claiming that the court had refused to take action on his petition. Richardson then filed his petition in state district court in Crowley County, Colorado. On March 25, 1998, the Crowley County District Court denied the petition on the merits.

While his petition in Crowley County District Court was still pending, in February 1998, Richardson filed a Colo. R. Civ. P. 106 claim in the district court for the City and County of Denver. Denver District Court denied the claim on

---

[1] Colo. Const. art. VI, § 3 grants the Colorado Supreme Court the power to issue original writs of habeas corpus. *See* Colo. App. R. 21. The exercise of this original jurisdiction is discretionary, *see McConnell v. District Court*, 680 P.2d 528, 530 (Colo. 1984), and will not be exercised "when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court," *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946) (en banc). The state appellate court's denial of an original petition under Rule 21 does not indicate consideration of the merits. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996) (en banc).

May 26, 1998, for failure to state a claim upon which relief could be granted. A copy of this order, mailed to Richardson, was returned to the court as undeliverable because Richardson had been transferred to another prison. On August 31, 1998, after Richardson had sought leave to file an amended complaint, the court mailed a copy of its order to Richardson at his current prison address.

Richardson then filed a petition for writ of mandamus with the Colorado Supreme Court requesting relief from the order issued by the Denver District Court. The court denied the mandamus petition without consideration of the merits of Richardson's claims. At this point, Richardson filed his § 2254 petition in federal district court.

The district court issued an order directing Richardson to show cause as to why his petition should not be dismissed for failure to exhaust state court remedies. In his response, Richardson did not challenge the allegation that he had not exhausted his state court remedies, but instead argued that deliberate delay in the state courts constituted cause for his failure to seek available avenues of state court relief. In addition, Richardson contended that the prison's failure to forward his mail when he was transferred prevented him from appealing the Denver District Court's dismissal of his Rule 106 action. In dismissing Richardson's federal habeas corpus petition, the district court concluded that the issues raised were procedurally defaulted and that Richardson failed to show the

-4-

requisite cause and prejudice, or fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A state prisoner cannot petition for federal habeas corpus relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Generally, when a petitioner fails to exhaust his state court remedies, his federal habeas petition should be dismissed so that the petitioner can return to state court to pursue those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). In *Coleman*, however, the Supreme Court, held that if "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," petitioner's claims are procedurally defaulted for purposes of federal habeas corpus "regardless of the decision of the last state court to which petitioner actually presented his claims." 501 U.S. at 735 n.1; *see also Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (holding that a petitioner's failure to properly present his claims in state court for exhaustion purposes constitutes "procedural default for the

-5-

purposes of federal habeas review"). Here, Richardson's failure to seek timely review by the Colorado appellate court constituted failure to exhaust his available state remedies. However, because it is clear that a return to state court at this point would be futile, his claims are procedurally defaulted for purposes of federal habeas corpus review. *See Coleman*, 501 U.S. at 735 n.1.

Federal habeas corpus review of procedurally barred issues is precluded "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

Initially, Richardson attempts to establish cause for his default by alleging that the state courts deliberately delayed action on his petitions. It appears that Richardson had unreasonable expectations as to the expediency of the courts. He filed various state court petitions only to request dismissal after only a few weeks, or in the alternative, to file another action in a different jurisdiction before his pending action was resolved. While his impatience is unfortunate, it does not establish cause for his failure to exhaust his state court remedies.

Next, Richardson contends that the prison's failure to forward his mail to him in a timely manner following his transfer precluded him from filing a timely appeal of Denver District Court's denial of his Rule 106 action. In order to

-6-

satisfy the "cause" prong of the standard, Richardson must establish that "some objective factor external to the defense" prevented him from complying with the state court's procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quotation omitted). We agree with the district court, that it was Richardson's duty to keep the court informed as to his current address. Moreover, we note that Richardson did not even attempt to appeal the state court's denial of his Rule 106 action once he received the order. Instead, as had been his pattern, he filed a new action in a different jurisdiction. Therefore, his argument that the prison prevented him from complying with state procedural rules is unavailing.

Because Richardson failed in the district court and fails on appeal to demonstrate cause for his procedural default, we do not need to address the issue of prejudice. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). We may, however, address his claims if a fundamental miscarriage of justice would result if we failed to consider them. *See Coleman*, 501 U.S. at 750. The fundamental miscarriage of justice exception applies only when a petitioner "'supplements his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Here, Richardson does not supplement his claim with any allegation of actual innocence. Therefore, the district court

properly held that federal review of the issues in his habeas petition was procedurally barred, and Richardson's claims cannot be considered on the merits.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge