**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN ESTEL CURREN,

Petitioner - Appellant,

v.

RICK RAEMISCH, Executive
Director of the Colorado Department
of Corrections, and JOHN SUTHERS,
Attorney General,

Respondents - Appellees.

No. 14-1001
(D. of Colo.)
(D.C. No. 13-CV-02342)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

John Estel Curren, a former Colorado state prisoner currently on parole,

proceeding *pro se*, seeks a certificate of appealability (COA) to appeal from the

dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. The

district court dismissed the petition for lack of jurisdiction because Curren had

failed to exhaust his state remedies. We agree with the district court that § 2241

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was not an available remedy in this case because Curren failed to exhaust his state remedies.

Exercising jurisdiction under 28 U.S.C. § 1291, we DENY Curren's request for a COA and DISMISS the appeal.

# I.  Background

Curren resides in Aurora, Colorado, where he is serving mandatory parole. He was originally sentenced in 2002 to two life sentences plus twenty-four years following his conviction for two counts of Felony Murder and one count of Aggravated Robbery.  Following an unsuccessful appeal, in 2007 Curren filed a motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c).  The trial court granted the motion, vacated Curren's convictions and sentences, and set a new trial.  After the state unsuccessfully appealed the vacatur, Curren's second trial was held in April 2011.  The jury in the second trial found Curren guilty of the lesser offense of Accessory to a Crime.  The trial court sentenced Curren to twelve years in prison and awarded 3,503 days of Credit for Time Already Served.  Curren's counsel then filed a motion for an amended mittimus.  The amended mittimus states that Curren is eligible for earned time credits *nunc pro tunc* to April 25, 2002.

The Colorado Department of Corrections (CDOC) refused to award Curren an additional 980 days of earned time credits for his incarceration between April 25, 2002, and April 29, 2011.  After filing several internal grievances, Curren

filed a habeas corpus petition in Adams County District Court seeking an award of the 980 days of earned time credit. The court denied the petition, stating that the habeas petition must be filed in the county in which Curren resided at the time he filed the petition. Curren then filed a Colorado Appellate Rule 21 petition with the Colorado Supreme Court requesting an Order to Show Cause challenging the Adams County District Court's decision, which the Colorado Supreme Court denied. Curren then filed this § 2241 petition for habeas corpus in federal district court.

The district court dismissed Curren's § 2241 petition because he had failed to exhaust his state remedies. This appeal followed.

## II. Analysis

This court reviews the district court's dismissal of a § 2241 petition de novo and reviews factual findings for clear error. *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). A state petitioner may not appeal a denial of habeas relief without a COA. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, a petitioner must demonstrate a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, a COA should issue only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In considering these two components, the court may dispose of the application solely on procedural grounds if the answer to the procedural issue is "more apparent from the record and arguments." *Id.* at 485.

A habeas petitioner under § 2241 is required to exhaust both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). To exhaust his state remedies, a habeas petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). "Fair presentation" requires that the "substance of a federal habeas corpus claim" must have been presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have properly presented his claim, the petitioner must have presented his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted). But presenting the claim for the "first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor" does not constitute "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (citations omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (petition for discretionary state supreme court review did not constitute fair presentation).

We agree with the district court that Curren did not exhaust his state remedies. Curren filed a petition for habeas relief under Colorado Revised Statute § 13-45-101 in the Adams County District Court, the same court where his criminal trial took place. Although Colorado authorizes a petitioner to appeal to the Colorado Supreme Court a state district court's denial of a petition for writ of habeas corpus, *see* Colo. Rev. Stat. § 13-4-102(1)(e); *Velarde v. Zavaras*, 960 P.2d 1162, 1163 (Colo. 1998) (noting that Colorado Supreme Court has exclusive jurisdiction over appeals from final judgments of district courts in civil habeas cases); *accord Leske v. Golder*, 124 P.3d 863, 865 (Colo. Ct. App. 2005), Curren did not file a direct appeal of the Adams County District Court's dismissal of his petition based on improper venue. Instead, Curren filed a Petition Requesting Order to Show Cause with the Colorado Supreme Court pursuant to Colorado Appellate Rule 21. The Colorado Supreme Court in its discretion may decline to address the merits of claims asserted in an original petition for an extraordinary writ sought under Colorado Appellate Rule 21. *See* Colo. App. R. 21(a)(1) ("Relief under this rule is extraordinary in nature and is a matter wholly within the discretion of the Supreme Court."); *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Moreover, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . . is available." Colo. App. R. 21(a)(1). As a result, denial of a Rule 21 petition does not stand for the

proposition that the Supreme Court has considered the merits of the petitioner's argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3. (Colo. 1996) (en banc).

Because the Colorado Supreme Court's review of Curren's petition for an extraordinary writ was discretionary and limited and because Curren failed to file a direct appeal of the district court's dismissal of his habeas petition, we find that Curren's presentation of his habeas claim was not fair presentation to the state supreme court. *See, e.g.*, *Castille*, 489 U.S. at 351; *Chitwood v. Davis*, 434 F. App'x 741 (10th Cir. 2011) (filing original writ of habeas corpus in Colorado Supreme Court without directly appealing district court's denial was not proper presentation).

We therefore hold that no reasonable jurist could debate that the district court erred in dismissing Curren's § 2241 application. For these reasons, we find that Curren has failed to exhaust his state court remedies.

## III. Conclusion

For the reasons stated above, we DENY Curren's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge