May Term,
1838.

CAIN
v.
THE STATE.

---

CAIN *v.* THE STATE.

An indictment concluding " against the peace of the state, " may be so amended by the prosecuting-attorney, with leave of the Court, as to read· " against the peace and dignity of the state."

*Friday,*
*June 1.*

ERROR to the *Daviess* Circuit Court. Indictment for keeping a disorderly house, &c., and judgment for the state.

SULLIVAN, J.—The indictment in this case, as it was returned by the grand jury, did not conclude " against the peace and dignity of the state." The *contra dignitatem* was omitted. Before the defendant was arraigned, the prosecuting-attorney moved the Court to insert the omitted words. The defendant objected, but the Court overruled the objection and permitted the amendment to be made.

The indictment, as it was returned, was undoubtedly insufficient; but the question is, whether the Court was authorised to amend it, so as to make the conclusion of the indictment conform to the requisition of the constitution?

There is no doubt but that the Court, by the consent of the grand jury, may amend indictments in matters of form. They may be amended in any case where an amendment was allowable at common law. In this respect, there is no difference between civil and criminal cases. The settled practice, when an indictment is returned into Court, is to obtain the consent of the grand jury, that the Court may amend it in matters of form, not altering the substance.

The words with which the constitution requires all indictments to conclude, are words of form. The facts are found

by the jury on their oath, but the conclusion is affixed by law. The grand jury have nothing to do with finding that conclusion, nor does the constitution require that it should be found by the grand jury. The amendment made in this case did not hinder, delay, or embarrass the defendant, nor did it deprive him of any just means of defence.

May Term, 1838.

The President and Directors, &c.
v.
Dunn.

We think the Court did right in permitting the amendment to be made, and that the judgment of the Circuit Court should be affirmed. 1 Ch. Cr. Law, 297, 8, and the authorities cited. 1 Saund. R. 249, note 1.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Law*, for the plaintiff.

*W. Quarles*, for the state.