[Nos. 4030-4031.]

THE PEOPLE EX REL. THE ATTORNEY GENERAL v. THE DISTRICT COURT OF ARAPAHOE COUNTY AND GEORGE W. ALLEN, JUDGE.

JURISDICTION—HABEAS CORPUS—MISDEMEANOR CASES IN COUNTY COURT—PROHIBITION.

The district court has no jurisdiction on writ of *habeas corpus* to review a conviction for a misdemeanor in the county court, on the ground that the statute under which the conviction was had or the statute conferring jurisdiction on county courts in misdemeanor cases is unconstitutional. Such review can be had only by writ of error from the supreme court or court of appeals, and a writ of prohibition will lie from the supreme court to restrain the district court from reviewing the action of the county court in such case on writ of *habeas corpus*.

*Original Proceeding.*

THIS is an original application to this court for a writ of prohibition to restrain the district court of Arapahoe county and the Hon. George W. Allen, one of the judges of said

court, from hearing and determining the applications of Charles N. Hanford and Henry Ernest for writs of *habeas corpus*. The facts upon which the right to this writ is predicated, as set out in the petition, are in brief as follows:

Hanford was, in November, 1898, convicted in the county court upon the charge of violating the Sunday closing act, and sentenced to pay a fine and costs. Upon being committed under this sentence, he sued out of the district court a writ of *habeas corpus*, and upon the hearing thereof was discharged by the respondent, Hon. George W. Allen, upon the ground that that act is unconstitutional; and also upon the further ground that the act conferring jurisdiction upon county courts in misdemeanor cases (Sess. L. 1889, p. 101) is also unconstitutional and void because of defect of title.

Thereafter Hanford and Ernest were tried and convicted upon two informations in the county court of Arapahoe county, charging them with unlawfully keeping and exhibiting a certain gaming device and apparatus in said county, and were sentenced to pay a fine and to undergo imprisonment in the county jail in each case; and in pursuance of such sentences, were committed to the custody of the sheriff of Arapahoe county. Thereupon they made separate applications to the district court of Arapahoe county for writs of *habeas corpus*. Alternative writs were awarded by respondent, and directed to the sheriff of Arapahoe county, returnable forthwith, whereupon this present application was made, and an alternative writ granted. In the return, or answer, respondent challenges the materiality and relevancy of the matters alleged in reference to the former proceeding, and presents a certified copy of the proceedings had upon the *habeas corpus* application, which are in substance as averred in the petition.

Mr. DAVID M. CAMPBELL, attorney general, Mr. CALVIN E. REED, Mr. DAN B. CAREY and Mr. S. S. ABBOTT, for petitioner.

Mr. TOM E. McCLELLAND and Mr. GREELEY W. WHITFORD for respondents.

PER CURIAM. The question here presented is, whether the district court, under our *habeas corpus* act, can discharge a person who is held in custody by virtue of a commitment issued in pursuance of a judgment and sentence of the county court upon a conviction for a misdemeanor, on the ground that the act conferring jurisdiction upon county courts in misdemeanor cases, or the act providing for their prosecution, is unconstitutional. In other words, whether the district court can, in this collateral proceeding, go back of the commitment and judgment, and review the decision of the county court upon either of these questions, and reverse and set aside its judgment, in case it is of the opinion that the county court was mistaken in its conclusion.

The importance of the question becomes apparent when we realize that if it be once conceded that such power exists, and the district court sees fit to exercise it, it may neutralize every conviction for misdemeanor in any county court, or even district court, within the state, when a constitutional question is raised ; and in every case where it may deem the objection well taken, discharge the prisoner, and thus prevent this court from ever considering or determining the question. It is very manifest, therefore, that if such power exists, it should only be exercised when the exigencies of the case are such that the prisoner cannot avail himself of a writ of error or appeal. Upon the question as to the right of the court, on *habeas corpus*, to inquire into the constitutionality of the law under which the petitioner is held in custody, the authorities are not agreed. Some of the cases go to the extent of holding that no inquiry can be made if the party is detained under the final decree or judgment of a competent court; and that no imprisonment is illegal where the process is a justification of the officer. *Commonwealth v. Lecky*, 1 Watts, 66 ; *Ex parte Winston*, 9 Nev. 71 ; *In the Matter of the Application of John G. Lybarger*, 2 Wash. Rep. 131.

In others it is held that the court will not, on *habeas corpus*, look beyond the judgment to determine the constitutionality of the statute under which the conviction took place, and

that this question must be tested on appeal or writ of error. *Ex parte Harris*, 47 Mo. 164 ; *Ex parte Boenninghausen*, 21 Mo. App. 267 ; *Ex parte Boenninghausen*, 91 Mo. App. 301 ; *Ex parte Bowler*, 16 Mo. App. 14 ; *Ex parte Jacob Fisher*, 6 Neb. 309 ; *In re Pikulik*, 81 Wis. 158 ; *In re Schuster*, 82 Wis. 610.

*Ex parte Watkins*, 3 Peters, 193, in effect announces the same doctrine.    The application for discharge in that case was based upon the ground that the indictment charged no offense for which the prisoner was punishable in the circuit court of the District of Columbia.    Chief Justice Marshall, who delivered the opinion of the court, said :

" The circuit court for the District of Columbia is a court of record, having general jurisdiction over criminal cases. An offense cognizable in any court is cognizable in that court.    If the offense be punishable by law, that court is competent to inflict the punishment.    The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have.    To determine whether the offense charged in the indictment be legally punishable or not is among the most unquestionable of its powers and duties.    The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner.    The judgment is equally binding in the one case and in the other, and must remain in full force unless reversed regularly by a superior court capable of reversing it."

These cases proceed upon the theory that it was within the jurisdiction of the court trying the cause to pass upon the constitutionality of the statute under which the prisoner was being prosecuted, as well as upon other questions involved ; and if they held the law to be constitutional, when in fact it was not, it was simply an error, which must be reviewed in the proper way, and could not be availed of collaterally on *habeas corpus*.    But some of the courts have held otherwise, and, while conceding that the writ of *habeas corpus* cannot perform the functions of a writ of error, yet, since the constitutionality of a law which the court is attempting to apply

lies at the foundation of the jurisdiction under it, it may be called in question in this proceeding. *Ex parte Siebold*, 100 U. S. 371; *Sennott v. Swan*, 146 Mass. 489; *Ex parte Keeney*, 84 Cal. 304; *Ex parte Rosenblatt*, 19 Nev. 439; *Medley, Petitioner*, 134 U. S. 160; *In re Frederick*, 149 U. S. 70.

In these cases, however, it will be observed that the courts were confessedly using the writ in the exercise of appellate jurisdiction. As was said by Mr. Justice Bradley, *In re Siebold, supra:*

"It is objected that the case is one of original and not appellate jurisdiction, and, therefore, not within the jurisdiction of this court. But we are clearly of opinion that it is appellate in its character. It requires us to revise the act of the circuit court in making the warrants of commitment upon the convictions referred to. This, according to all the decisions, is an exercise of appellate power."

And again:

"But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court's authority to try and imprison the party may be reviewed on *habeas corpus* by a superior court or judge having authority to award the writ. We are satisfied that the present is one of the cases in which this court is authorized to take such jurisdiction."

But we think the cases first above cited lay down the better rule of practice. As was said in *In re Frederick, supra:*

"In some instances, as in *Medley, Petitioner*, 134 U. S. 160, the proceedings by *habeas corpus* has been entertained, although a writ of error could be prosecuted; but the general rule and better practice, in the absence of special facts and circumstances, is to require a prisoner who claims that the judgment of a state court violates his rights under the constitution or laws of the United States, to seek a review thereof by writ of error instead of resorting to the writ of *habeas corpus*."

We have found no case which recognized the right of a

court, in a proceeding in *habeas corpus*, to review the decision of another court of co-ordinate jurisdiction, upon the question of its jurisdiction, and set aside and annul its judgment upon the ground that it had erroneously decided as to the constitutionality of the statute under which the conviction was had. In the exercise of our original jurisdiction we may properly, as we have recently done, determine on *habeas corpus* the constitutionality of a statute under which a person was convicted, if no other remedy exists; but we have always declined to exercise such jurisdiction, when adequate relief can be-afforded by writ of error. *A fortiori* should the district court remit a party to such remedy, and refuse to interfere by *habeas corpus*, and finally determine, as the practical result would be, the validity of every statute, the constitutionality of which might be controverted, in any criminal case. As was well said by Judge Thompson, of the Missouri court of appeals, in declining to take jurisdiction by *habeas corpus* in *Ex parte Boenninghausen:*

"We place our decision upon the obvious impropriety of exercising such a jurisdiction in such a case as the present. * * * If, then, we were to enter upon the examination of the question upon which we are asked to discharge this prisoner, we should decide under the exigency of a writ, the hearing of which is required by the statute to be both speedy and summary; a question of great importance and difficulty, which we have no jurisdiction to decide as a court of appeals. Our decision would not be subject to review, and if we should decide the question against the city, we should decide as a finality a question, the final decision of which, in the ordinary course of justice, is vested in the supreme court alone. But our decision would sidetrack the case, so to speak, and prevent it from getting to the supreme court. The very fact that in this state of the law relating to the writ of *habeas corpus*, we have jurisdiction to render such a decision, is the reason why the jurisdiction should not be exercised."

The county court is a legally constituted court, and, if

the act conferring jurisdiction upon it in cases of misdemeanor is constitutional, is clothed with concurrent jurisdiction with the district court in such cases. No appeal lies from its judgment to the district court, and its final judgment in such cases is subject to review only upon writ of error from this court or the court of appeals. It is legally competent to pass upon the question of its own jurisdiction; and its decision upon the constitutionality of the law which purports to clothe it with jurisdiction in misdemeanor cases cannot, in our opinion, be reviewed by the district court on *habeas corpus*. It specially enacts that no court or judge, on the return of the *habeas corpus*, shall in any other manner, than in certain specified cases, inquire into the legality or justice of a judgment or decree of a court legally constituted. In our opinion these cases do not come within any of. the grounds enumerated; and to inquire into the constitutionality of the statute under which the county court acted in imposing the sentence, necessarily involves an inquiry into the legality of its judgment. We think, therefore, that the district court is without jurisdiction to hear and determine these applications, and a peremptory writ will therefore be allowed.