[No. 4906.]

THE PEOPLE EX REL. MILLER, ATTORNEY GENERAL, V. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL.

1.  Habeas Corpus—Constitutional Law—Prohibition.

The district court has no jurisdiction by writ of habeas corpus to release from imprisonment a person convicted of crime by a justice of the peace, on the ground that the statute or ordinance on which such conviction was based, is unconstitutional, and the writ of prohibition will be issued by the supreme court to restrain the district court from such action.

2.  Same.

The constitutionality of a statute under which a conviction is had, cannot be tested by writ of habeas corpus, but must be determined by appeal from, or writ of error to, the judgment of conviction.

*Original Proceeding on Application for Writ of Prohibition.*

Mr. N. C. MILLER, attorney general, Mr. I. B. MELVILLE, Mr. MILTON SMITH, Mr. D. L. WEBB and Mr. H. J. HERSEY, for relator.

Messrs. O'DONNELL, TONEY & GRAHAM and Mr. W. BENTON CRISP, for respondents.

Mr. JUSTICE STEELE delivered the opinion of the court.

H. E. Winslow was tried, convicted and fined for the violation of Ordinance 62, Series of 1904, of the city and county of Denver, in the justice's court of B. F. Stapleton, Esq. The defendant, having refused to pay the fine imposed, was committed to the common jail of the city and county of Denver. On September 16, he applied to the district court of the second judicial district of the state for a writ of *habeas corpus*. The writ was granted by the Hon. John I. Mullins, one of the judges of said district court, returnable September 20, 1904. On September 20, the application of the attorney general for a writ of prohibition was presented to this court, and the district court was ordered to proceed no further in the said cause than to determine the question of its jurisdiction. On September 26, the said judge of the district court ruled that the district court had jurisdiction to hear and determine the petition for writ of *habeas corpus* and all questions, matters and things raised by the petition, demurrer, and the return thereto, including the constitutionality of the ordinance in question.

In the answer of the respondent it is admitted that in the petition filed before him as the judge of the district court, the said H. E. Winslow, as a ground for the issuance of the writ, alleged that the ordinance of the city and county of Denver for the violation of which he was imprisoned was unconstitutional and void. The question for determination is: Has the district court jurisdiction to release on *habeas corpus* a person imprisoned under a sentence of a justice of the peace, whenever the district court deter-

mines that the statute or ordinance on which the conviction was based is unconstitutional? A great number of cases are cited sustaining the contention of counsel that the district court is empowered to interfere by means of the writ of *habeas corpus* and investigate the constitutionality of a statute or ordinance on which a judgment which results in the imprisonment of a petitioner is founded. In *Ex Parte Neet*, 157 Mo. 527, it is said: "The only remaining question is whether *habeas corpus* is a proper remedy. The rule must now be regarded as settled in this state that if a person is imprisoned for an act which is not in contravention of any existing law, or if the act under which he is held is unconstitutional, *habeas corpus* is a proper remedy to restore to him his freedom of which he has been improperly and illegally deprived. * * * The underlying reason is that an unconstitutional act is no law at all, and that no court has a right to imprison a citizen who has violated no law of the state, but that such act, even if done by a court under the guise and form of law, is as subversive of the right of the citizen as if it was done by a person not clothed with authority, and hence it is the duty of this court * * * to discharge him by means of a writ of *habeas corpus*."

We are precluded from accepting these cases as authority for our action, or from making an investigation of the question, because, upon a review of the cases this court has determined that the court has not the power on an application for *habeas corpus* to look beyond the judgment to determine the constitutionality of the statute, and that this question must be tested upon appeal or error. In the case *People v. District Court*, 26 Colo. 380, the authority of the district court to release on *habeas corpus* a person convicted of a misdemeanor in the county court was under consideration. The court held that the district

court did not have jurisdiction to hear and determine the question presented on the application for *habeas corpus,* and the peremptory writ of prohibition was granted. After citing many cases holding that the question of the constitutionality of a law must be tested on appeal or writ of error, the writer of the opinion says: "These cases proceed upon the theory that it was within the jurisdiction of the court trying the cause to pass upon the constitutionality of the statute under which the prisoner was being prosecuted, as well as upon other questions involved; and if they held the law to be constitutional, when in fact it was not, it was simply an error, which must be reviewed in the proper way, and could not be availed of collaterally on *habeas corpus.*" And, after citing from cases announcing the contrary doctrine, proceeds: "But we think the cases first above cited lay down the better rule of practice."

In the course of the opinion, it is said: "We have found no case which recognized the right of a court, in a proceeding in *habeas corpus,* to review the decision of another court of co-ordinate jurisdiction, upon the question of its jurisdiction, and set aside and annul its judgment upon the ground that it had erroneously decided as to the constitutionality of the statute under which the conviction was had."

Counsel contend that the case is authority only in so far as it declares that the district court, being a court of co-ordinate jurisdiction with the county court, has not jurisdiction to release on *habeas corpus,* upon the ground that the statute conferring jurisdiction upon the county court is unconstitutional, one sentenced by the judgment of the county court. It is true that the court calls attention to the fact that no case is cited which authorizes a court of co-ordi-

nate jurisdiction to thus set aside the judgment of another court, but the decision is not based upon the ground that the district and county courts are courts of co-ordinate jurisdiction, but that in *habeas corpus* proceedings no court or judge can inquire into the legality or justice of a judgment or decree of a court legally constituted, except in the cases mentioned in the statute; and that the question of whether the statute under which the conviction was had is constitutional or void does not bring a case within the exception mentioned. The justice's court of the city and county of Denver has original and exclusive jurisdiction of all causes arising under the charter and ordinances, and it was within its jurisdiction to determine whether the ordinance under which it was proceeding was constitutional or void. If it should wrongly hold that the ordinance was constitutional, its judgment would be an error which could be reviewed in the manner provided by statute. The petitioner for the writ had another remedy. He could appeal to the county court, where the constitutionality of the ordinance could be passed upon. From an adverse judgment a writ of error would lie from this court, where the question would be finally determined. This is the procedure provided by statute, and it affords ample relief to persons convicted of a violation of the ordinances. The proceedings in *habeas corpus* are summary in their nature, and it was not contemplated by our law, whatever may be the rule in other jurisdictions, that the constitutionality of a statute should be tested in this manner. The case *People v. District Court,* above referred to, is decisive of this, and the peremptory writ of prohibition will be allowed.