[No. 4588.]

MARTIN, WARDEN, v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT AND JOHN I. MULLINS, ONE OF THE JUDGES, ET AL.

1. **Habeas Corpus—Nature of Civil Action—Reviewable by Writ of Error.**

A proceeding in habeas corpus to determine the legality of an imprisonment, like that to determine the custody of an infant, is in the nature of a civil action, and a judgment of an inferior court of record in this state in such proceeding, is reviewable by writ of error.—P. 113.

2. **Habeas Corpus—Certiorari to Review.**

Under § 3, art. 6, Colo. Const., the supreme court has power to issue its original writ of certiorari to review the judgment in a habeas corpus proceeding, whether such proceeding be civil or criminal in its nature, when such judgment is clearly in excess of the court's jurisdiction.—P. 114.

3. **Habeas Corpus—Voidable Judgment Not Reviewable.**

A judgment sentencing a prisoner under the indeterminate sentence law for a crime committed before such law went into effect, is not void, but at most voidable; and it is only where the judgment of conviction is wholly void, that a prisoner may be released on habeas corpus under a statute like ours.—P. 114.

4. Practice in Criminal Cases—Maximum and Minimum Sentences—Review of Judgment by Habeas Corpus.

Where a judgment is merely excessive, and the court which pronounces it is one of general jurisdiction, it is not void ab initio because of the excess, but is good so far as the power of the court extends, and is invalid only as to the excess. Therefore, a person in custody under a maximum and minimum sentence cannot be discharged on habeas corpus until the term of the minimum sentence has expired, such a sentence, being at most voidable, may be corrected on writ of error.—P. 116.

5. Courts—Concurrent Jurisdiction—Habeas Corpus—Review.

Although district courts in this state have jurisdiction in habeas corpus cases, one of them has no power under the constitution or statutes to review or supervise by habeas corpus the judgment of another such court, as they are courts of concurrent jurisdiction.—P. 117.

6. Practice in Criminal Cases—Courts—Judges—Unseemly Action.

Where the district court refused to withhold a judgment discharging a prisoner, who had been convicted by a jury and sentenced by a court of competent jurisdiction, until the district attorney could apply to the appellate court for relief, its action was unseemly and there can be no excuse therefor.—P. 119.

*Original Application for Writ of Certiorari.*

Application by E. H. Martin, as warden of the state penitentiary of Colorado, for an original writ of *certiorari* to review the action of the district court of the second judicial district of Colorado and of John I. Mullins, one of the judges thereof, in releasing William Moran from the penitentiary.

Mr. N. C. MILLER, attorney general, Mr. I. B. MELVILLE, assistant attorney general, Mr. HENRY A. LINDSLEY, district attorney, and Mr. GEO. ALLAN SMITH, assistant district attorney, for petitioners.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In the district court of Otero county, William Moran was informed against, tried and convicted of

the crime of robbery, and, in November, 1899, sentenced to confinement in the state penitentiary for not less than twelve nor more than fourteen years. The indictment charged that the crime was committed July 8 of that year. Moran was taken to the state penitentiary and, while serving his sentence, filed, in July, 1902, in the district court of the second judicial district, a petition for a writ of *habeas corpus* to obtain his release, and as the sole ground for its allowance, alleged that the judgment under which he was sentenced was absolutely void, because not within the power of the court to pronounce.

The judgment seems to have been based upon the indeterminate sentence act of 1899, which, it is said, did not become a law until after the crime was committed. The penalty for robbery at the time the offense, as charged in the indictment, was committed, was from three to fourteen years' confinement in the penitentiary. The district court of the second judicial district, where the petition for *habeas corpus* was pending, discharged the prisoner, apparently for the reason relied upon by him that the judgment under which he was restrained of his liberty was absolutely void as rendered under the wrong law. Though the district court's hasty and improper action has enabled the prisoner to withdraw himself from the state, the attorney general and district attorney are seeking a review of its judgment to the end that the practice in *habeas corpus* may be established.

We consider first the remedy for reviewing the order of discharge. It would seem that, in England, the courts do not say whether a proceeding by *habeas corpus* is a civil or a criminal one, but the supreme court of the United States considers it a civil proceeding or action to enforce a civil right, and, by some courts, it is called a "civil cause" or "civil

action."—Church on *Habeas Corpus* (2d ed.), § 88; *Ex parte Tom Tong,* 108 U. S. 556. Other cases deem the proceeding a criminal action. The authorities are collated in 15 Am. & Eng. Enc. Law (2d ed.) 157. The distinction becomes important with reference to a review of a judgment remanding or discharging the petitioner, and in determining whether it exists at all, either by the state or the petitioner, and, if so, whether it must be by writ of error or appeal or *certiorari.*

At the common law, it seems that no appeal or writ of error was allowed from a judgment in a *habeas corpus* proceeding remanding or discharging the prisoner.—Church on *Habeas Corpus* (2d ed.), § 386. If the proceeding is in the nature of a criminal action, by our statute a writ of error would lie from this court to review a final judgment of an inferior court remanding a prisoner.—General Statutes 1883, § 972, Criminal Code. If, upon the other hand, it is a civil action, within the meaning of that term as used in the Code of Civil Procedure, a judgment remanding, as well as one discharging, the prisoner is reviewable here on writ of error, since, by section 406 of the Code, all final judgments of inferior courts of record may thus be investigated by either party thereto. Our court of appeals, in *McKercher v. Green,* 13 Colo. App. 270, said that the better doctrine in this country is, that such judgments are reviewable by writ of error. In *People v. Court of Appeals,* 27 Colo. 405, we said, in referring to the McKercher case, that the writ does lie to review a judgment of an inferior court determining the custody of an infant.

Though it is not necessary to a decision of this case, we deem it proper to say that, as at present advised, we are inclined to the view that a proceeding in *habeas corpus* to determine the legality of an

imprisonment, like that to determine the custody of an infant, is, at least, in the nature of a civil action, and that a judgment of an inferior court of record in this state either remanding or discharging a prisoner in such proceeding, is reviewable here by writ of error. But if this be not so, it is clear that the supreme court has power, under section 3 of article VI of the constitution, to issue its original writ of *certiorari*, as was done here, to review the judgment in this particular case, whether it be civil or criminal, because, as we shall show, the judgment discharging the prisoner was clearly in excess of the jurisdiction of the district court.

In view of our numerous decisions, it seems scarcely necessary to observe that the supreme court, in the exercise of its original jurisdiction, has power by *certiorari* to review the final judgments of inferior courts which are beyond the jurisdiction of those tribunals to render. Properly there could not have been, and, as a matter of fact, there was not, a bill of exceptions in the district court in this proceeding. For aught that appears to the contrary in this record, though the indictment charged the defendant with having committed the crime before the indeterminate sentence law went into effect, the proof showed that the crime was actually committed thereafter, and, if so, the sentence pronounced would be in accordance therewith. But, if we assume, as apparently the district court did, that the crime was committed before that law took effect, and the sentence of imprisonment was wrongly pronounced thereunder, still the judgment sentencing the prisoner was not void, but, at most, voidable.

The weight of authority in the states of the Union is, that a writ of *habeas corpus* will not issue to enable a court to review a judgment that is merely irregular or erroneous. It is only where a judgment

of conviction is wholly void that a prisoner may be released in *habeas corpus* under a statute like ours. —*Ex parte Farnum,* 3 Colo. 545. That statute (§ 1611, Gen. Stats. 1883) expressly provides that if it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for certain specified causes. It is conceded that the district court of Otero county, which sentenced the prisoner, was legally constituted, and the sole ground upon which relief is sought is that it exceeded the limit of its jurisdiction in that it imposed an improper, excessive and indefinite sentence.

Our later decisions, following that of the supreme court of the United States, are that even where a judgment is wholly void, a defendant will not, except in rare and extraordinary cases, be released from imprisonment thereunder if appropriate relief can be granted by writ of error or appeal.— *In re Belt,* 159 U. S. 95-100; *In re Frederich,* 149 U. S. 70-78; *In re Tyler, ibid.* 164; *In re Swan,* 150 U. S. 637-648; *In re Tyson,* 21 Colo. 78; *People ex rel. v. District Court,* 22 Colo. 422; *In re Popejoy,* 26 Colo. 32; *People v. District Court,* 26 Colo. 380; *In re Mahany,* 29 Colo. 442; Church on *Habeas Corpus* (2d ed.), § 370.

But that doctrine need not be invoked in this proceeding. This sentence is not uncertain as to the minimum length of twelve years. No indefiniteness exists until, at least, that period is passed. We might grant that after the prisoner has served the minimum sentence thus imposed, his confinement thereafter would be illegal, and the courts might release him. The strongest objection that can be urged against this judgment is that it is excessive and indefinite. We have seen that it is not indefinite up to the minimum, and the decided weight of authority

is that where a judgment is merely excessive and the court which pronounces it is one of general jurisdiction, it is not void *ab initio* because of the excess, but is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on *habeas corpus* until he has suffered or performed so much of it as it is within the power of the court to impose. This has been expressly decided by the supreme court of the United States in *U. S. v. Pridgeon,* 153 U. S. 48, and in the other cases therein referred to. See, also, *In re Graham,* 74 Wis. 450, and *In re Graham,* 138 U. S. 461. A case much in point is *In re Pikulik,* 81 Wis. 158. Other authorities are cited in 15 Am. & Eng. Enc. of Law (2d ed.) 171 *et seq.* From the *Pikulik case, supra,* we make this quotation, which is pertinent here:

"Conceding that the statute under which the petitioner was sentenced is invalid; still he has mistaken his remedy. The municipal court had jurisdiction to try the petitioner for the offense charged, and, on conviction, to sentence him to imprisonment in the state prison therefor. It also had jurisdiction of his person. On the theory that the general sentence statute is invalid, the court merely entered and enforced the wrong judgment. The supposed error is not a jurisdictional one, and hence is not available on *habeas corpus;* for it is settled law that on *habeas corpus* the court can only inquire into jurisdictional defects in the proceedings. The remedy is by writ of error."

In the *Pridgeon case, supra,* the defendant applied to be discharged from custody because the sentence imposed was beyond the power and jurisdiction of the court, and therefore void. Such was the claim by respondent Moran in the district court. The supreme court of the United States, in answer

to this contention, said that, though the sentence was in excess of what the law permitted,.yet it was legal so far as the power of the court imposing it extended, and was only. illegal as to the excess, and the prisoner could not be discharged on *habeas corpus* until he had served so much of the sentence as it was within the power of the court to impose.

These decisions are applicable here, and our conclusion is that the sentence complained of is not void, but, at most, voidable, and might be corrected upon a writ of error, and since the prisoner has not served out the sentence which it was within the power of the court to render, he was not entitled to a discharge on *habeas corpus*. The district court, in ruling otherwise, clearly exceeded the limit of its jurisdiction in discharging the prisoner, and its judgment for that reason should be set aside.

For another reason that court exceeded its jurisdiction in the premises. The sentence under which the prisoner was in custody was pronounced by the district court of Otero county. That court had jurisdiction of the crime and of the person of the defendant, and the power to pronounce sentence. The district court of Arapahoe county is a court of concurrent jurisdiction only. It has no power under the constitution or the statutes of this state to review or supervise by *habeas corpus* the judgment of the district court of another judicial district. This was clearly intimated by Mr. Justice Elliott in his concurring opinion in *Cooper. v. The People,* 13 Colo. 337. He there said that, notwithstanding the fact that our statute confers jurisdiction in *habeas corpus* cases upon district courts and district judges, yet, in the nature of things, there must be some limitation to the exercise of such power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district

court, or even by the supreme court itself. This is precisely what the district court of the second judicial district has assumed to do in this case, and it was beyond its jurisdiction to do so. In *People ex rel. v. District Court,* 22 Colo. 422, Mr. Justice Goddard, speaking for the court, said: "The writ of *habeas corpus* cannot be used as a writ of error, nor will one court review the proceedings of another court of concurrent jurisdiction in that manner."

In *People ex rel. v. District Court,* 26 Colo. 380, it was held that the district court has no jurisdiction on a writ of *habeas corpus* to review a conviction for a misdemeanor in the county court on the ground that the statute under which the conviction was had, or the statute conferring jurisdiction on county courts in misdemeanor cases, is invalid. The ground of the decision was, that, since the district court did not have the power on appeal or writ of error to review judgments of county courts in misdemeanor cases, it could not, by *habeas corpus,* inquire into the legality or justice of a judgment or decree of the county court in such cases. That decision is clearly authority for the proposition that in this state the district court of one district may not, by *habeas corpus,* inquire into the validity, legality or justice of a judgment of a district court of another district. See *People ex rel. v. District Court,* 33 Colo. 328.

For the foregoing reasons we conclude that the district court of the second judicial district, in discharging the prisoner on *habeas corpus,* exceeded the limits of its jurisdiction and proceeded in palpable violation of the provisions of the *habeas corpus* statute and the previous decisions of this court.

We feel it our duty to refer with emphatic disapproval to the action of the district court in dis-

charging the prisoner against the protest of the district attorney who appeared for the warden, and who stated that he wished to have the judgment of the district court reviewed by the supreme court, without affording any opportunity to that officer to do so before the flight of the prisoner. The district court refused to withhold its judgment discharging the prisoner until the district attorney had time to apply to this court for relief, but immediately after the hearing on a Saturday, and before the application could be made here, discharged the prisoner and enabled him to get beyond the jurisdiction of the court before any redress could be had of the wrong done to public justice. This action was unseemly. It enabled a prisoner who had been convicted by a jury and sentenced by a court of competent jurisdiction to escape punishment for the commission of a crime of which we must assume he was guilty. There can be no excuse for such action.

The writ is allowed, and the judgment of discharge must be set aside. *Writ granted.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.