[No. 7272.]

## CHEMGAS v. TYNAN, WARDEN OF THE PENITENTIARY.

HABEAS CORPUS—*Conviction Merely Erroneous*—The omission from a criminal information, otherwise above exception, of the concluding phrase "and against the peace and dignity of the same," goes to matter of form, and in no degree impairs the jurisdiction of the court—(37).

One convicted upon such information will not be discharged on *habeas corpus*—(38).

*Original application for writ of habeas corpus.*

Petitioner John Chemgas, alleges that he was unlawfully convicted in the district court of the city and county of Denver, and sentenced to the penitentiary on the following information:

"STATE OF COLORADO,        }
CITY AND COUNTY OF DENVER. } ss.

*In the District Court, Second Judicial District.*

THE PEOPLE OF THE STATE OF COLORADO

v.

PETER HORONS & JOHN CHEMGAS.

Comes now Willis V. Elliott, district attorney within and for the second judicial district in the state of Colorado and in the name and by the authority of the People of the State of Colorado informs the court and gives the court to understand that Peter Horons & John Chemgas on, to wit, the 10th day of January, A. D. 1909, at the city and county of Denver, and state of Colorado then and there being male persons over the age of fourteen years, in and upon one, Ralph I. Frost, a male person over the age of fourteen years and then and there being, feloniously, did make an assault, and then and there feloniously, wickedly, diabolically, and against the order of nature, had a venereal affair with

and carnally knew the said Ralph I. Frost.

> WILLIS V. ELLIOTT,
> District Attorney."

That his arrest, trial, conviction and imprisonment are void because the information is in conflict with section 30, Article VI. of the constitution, in that it does not conclude: "Against the peace and dignity of the same."

The return of the warden admits that he holds petitioner by virtue of a mittimus based upon said trial, and that the petition contains a true transcript of the record of said trial and conviction.

Petitioner moves to be discharged upon said return.

Section 30. article VI. of the constitution. reads: All process shall run in the name of "The People of the State of Colorado"; all prosecutions shall be carried on in the name, and by the authority of "The People of the State of Colorado." and conclude. "against the peace and dignity of the same."

Section 1956 Rev. Stats. provides: All exceptions which go merely to the form of the information shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged.

Section 1960 provides: The information shall be sufficient if it can be understood therefrom: 1. That it is presented by the person authorized by law to prosecute the offense. 2. That the defendant is named therein, or described as a person whose name is unknown to the informant. 3. That the offense was committed within the jurisdiction of the court or is triable therein. 4. That the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case.

Section 2919, upon habeas corpus, provides: If it appear that the person is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: First—Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person.

*        *        *        *

Seventh—Where there is no general law, nor any judgment, order or decree of a court to authorize the process, if in a civil suit, nor any conviction, if in a criminal proceeding.

Messrs. TAPP & DEWEESE and Mr. ISHAM R. HOWZE, for petitioner.

Hon. JOHN T. BARNETT, Attorney General, Hon. BENJAMIN GRIFFITH, Attorney General, Mr. A. A. LEE, Mr. ELMER L. BROCK, Mr. GEORGE H. THORNE and Mr. EUGENE A. MORAN, for respondent.

MR. JUSTICE GARRIGUES delivered the opinion of the court.

This is a collateral attack upon the judgment of the district court. If the court had jurisdiction to pronounce judgment, it cannot be reviewed on *habeas corpus*. If the court had no jurisdiction to pronounce the same, it may be disregarded on *habeas corpus*. After conviction, however illegal or erroneous, if the court acted within its jurisdiction, the judgment can not be set aside on *habeas corpus*. This principle of collateral attack, runs through both the civil and criminal law.

The contention of the petitioner is, that the complaint charges no offense; hence it is a void proceeding, and the court exceeded the limit of its jurisdiction in pronouncing judgment.

Prosecutions were formerly conducted in the name of the crown; under our changed conditions they are conducted in the name of the people. This prosecution is in the name of and by the authority of the people of the state. The complaint sufficiently informs the defendant that he is prosecuted by the state. It states fully the nature and character of the offense, and that the transaction occurred in the city and county of Denver, Colorado. The omitted phrase, "against the peace and dignity of the same," is a legal conclusion, not entering into the charging part of the complaint. The court had jurisdiction over the offense charged and over the person of the defendant, and was not robbed of its jurisdiction by the complaint failing to inform him of the legal conclusion that buggery is a crime against the peace and dignity of the people of the state of Colorado. The information is faulty because of this omission, but the district court was not without jurisdiction to pass upon this defect. The facts stated in the information constituted a public offense known to the laws of Colorado sufficient to confer jurisdiction upon the district court. What it should have done, had its attention been called to this omission, or because this court would reverse the case on error, cannot avail the defendant in this proceeding. Counsel neglected to avail himself of a motion to quash, or in arrest of judgment, and failed to have the case reviewed here on error. He has waited until petitioner is serving his sentence in the penitentiary, and now seeks in this collateral proceeding to raise this point for the first time. We do not think that the decisions of this court permit it to be done, unless the information is so drawn as to charge no offense whatever.—*Frisbie v. U. S.* 157 U. S. 168; *Ex parte Cain,* 120 S. W. 999; *Caples v. State,* 3 Okla. Crim. 72, 104 Pac. 493; *State v. Kirkman,* 104 N. C. 911, 10 S. E. 312; *State v. Peters,* 107 N. C. 876, 12

S. E. 74; *People v. District Court,* 26 Colo. 380; *People v. District Court,* 33 Colo. 328.

The motion to discharge the petitioner on the return will be denied, and he is remanded to the custody of the warden of the penitentiary.     *Motion denied.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL, Mr. JUSTICE BAILEY and Mr. JUSTICE GABBERT, concur.

Mr. JUSTICE WHITE, Mr. JUSTICE MUSSER and Mr. JUSTICE HILL, dissent.

---

Mr. JUSTICE WHITE, dissenting:

The writ of *habeas corpus* does not perform the office of a writ of error, and the remedy thereby, is limited to cases in which the judgment or sentence attacked is void.   Nevertheless, if the petitioner be imprisoned under a judgment of a court which had no jurisdiction of the person or the subject matter, or authority to render the judgment complained of, or exceeded its jurisdiction in the premises, relief should be accorded under the writ.   In such cases the judgment is void.   Such is the principle announced by the great weight of authority.—Hurd on Habeas Corpus, (2d ed.) pp. 324, 327; *Re Lane,* 135 U. S. 443; *Re Tyler,* 149 U. S. 164; *Re Swan,* 150 U. S. 637.

Moreover, it is the law in this state by express terms of the statute. Section 2919 Rev. St., pertaining to practice under the writ of *habeas corpus,* declares, that "If it appear that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: First—Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person."

Whenever a constitutional requirement ih criminal procedure—not merely a constitutional privilege—has been wholly disregarded, and is not in substance found in the very instrument that authorizes the court to act, the orders and judgments of the court in that particular case, are necessarily void. Though the court may have possession of the person and general jurisdiction of the alleged crime, yet in that particular case it has not jurisdiction thereof, because an express provision of the constitution, "which bounds and limits all jurisdiction," has been wholly disregarded.

In *Re Nielsen*, 131 U. S. 176, the supreme court of the United States announced the doctrine, that a petitioner should be released on habeas corpus, if the record disclosed that he had, on the trial in the lower court, been denied a constitutional right. The syllabus is as follows: "Where a court is without authority to pass a particular sentence, such sentence is void, and the defendant imprisoned under it may be discharged on *habeas corpus*. A judgment in a criminal case, denying to the prisoner a constitutional right, or inflicting an unconstitutional penalty, is void, and he may be discharged on *habeas corpus*." In the opinion, p. 184, in speaking of the holding in *Re Snow*, 120 U. S. 274, it is said: "The court had authority over the case, but we held that it had no authority to give judgment against the prisoner. He was protected by a constitutional provision, securing to him a fundamental right. It was not a case of mere error in law, but a case of denying to a person a constitutional right. And where such a case appears on the record, the party is entitled to be discharged from imprisonment. The distinction between the case of a mere error in law, and of one in which the judgment is void, is pointed out in *Ex parte Siebold*, 100 U. S. 371, 375, and is illustrated by the case of *Ex parte Parks*, as compared with the cases of Lange and Snow. In the

case of Parks there was an alleged misconstruction of a statute. We held that to be a mere error in law, the court having jurisdiction of the case. In the cases of Lange and Snow, there was a denial or invasion of a constitutional right. A party is entitled to a *habeas corpus,* not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner." And further in the same case it is said: "If we have seemed to hold the contrary in any case, it has been from inadvertence. * * * In the present case, the sentence given was beyond the jurisdiction of the court, because it was against an express provision of the constitution, which bounds and limits all jurisdiction."

In the case of *Ex parte Bain,* 121 U. S. 1, a demurrer was interposed to the indictment, and the court permitted the United States attorney to strike out certain words therein, holding that they were surplusage. After conviction, the defendant applied to the supreme court of the United States, for a writ of *habeas corpus,* upon the ground, that the judgment and sentence were void, for the reason that he was tried without a proper indictment. In the opinion discharging the petitioner the court, on page 13, said: "It only remains to consider whether this change in the indictment deprived the court of the power of proceeding to try the petitioner and sentence him to the imprisonment provided for in the statute. We have no difficulty in holding that the indictment on which he was tried was no indictment of a grand jury. The decisions which we have already referred to, as well as sound principle, require us to hold that after the indictment was changed it was no longer the indictment of the grand jury who presented it. Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or

prosecuting attorney; for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the re-striction which the constitution places upon the power of the court, in regard to the prerequisite of an indict-ment, in reality no longer exists. It is of no avail, under such circumstances, to say that the court still has jurisdiction of the person and of the crime; for, though it has possession of the person, and would have jurisdiction of the crime, if it were properly pre-sented by indictment, the jurisdiction of the offense is gone, and the court has no right to proceed any further in the progress of the case for want of an indictment. If there is nothing before the court which the prisoner, in the language of the constitution, can be 'held to answer,' he is then entitled to be discharged so far as the offense originally presented to the court by the indictment is concerned. The power of the court to proceed to try the prisoner is as much arrested as if the indictment had been dismissed, or a *nolle prose-qui* had been entered. There was nothing before the court on which it could hear the evidence or pronounce sentence. The case comes within the principles laid down by this court in *Ex parte Lange,* 18 Wall. 163; *Ex parte Parks,* 93 U. S. 18; *Ex parte Wilson,* 114 U. S. 417, and other cases."

A court derives its jurisdiction from the law of the land, and until the forms thereby prescribed, essen-tial to jurisdiction, are substantially complied with, no power to proceed in any particular matter is vested in any of our courts, and none can be exercised under our form of government. The constitution is the basis of our government, and procedure in direct conflict therewith, or in substantial disregard thereof, must necessarily be a nullity. Before a court can lawfully

hear and adjudge in a criminal case, there must be a prosecution. The first essential step, in a prosecution for the commission of crimes of the character of the one under consideration, is an indictment, or an information. Const. Art. II,§ 8; Rev. St. § 1957. No court of this state has authority to try a prisoner held for the commission of a felony, until he is so formally charged in such court. . The question is a jurisdictional one, and without an indictment or information, the prisoner is entitled to be discharged on *habeas corpus*. —*Ex parte Wilson, supra; Ex parte Bain, supra.*

It matters not what the general powers and jurisdiction of a court may be, if it acts without authority in the particular case, its judgment and orders are mere nullities—not voidable, but simply void—protecting no one acting under them and constituting no hindrance to the prosecution of any right.

The paper signed by the district attorney and purporting to inform the court of the commission of the alleged offense by the defendant, is, in the majority opinion, called an information. This court is not concerned with, or bound by the names by which pleadings are designated. In every pleading there must be certain essential allegations to constitute it such.. By constitutional mandate "all prosecutions shall be carried on in the name and by the authority of 'The People of the State of Colorado,' and conclude 'Against the peace and dignity of the same.' " Const. Art. VI, § 30. The alleged information in this case not only fails to conclude as required by the constitution, but such essential words are nowhere found therein. It is said, that "the omitted phrase 'Against the peace and dignity of the same' is a legal conclusion not entering into the charging part of the complaint." I cannot agree. In one sense the constitutional requirement may be matter of form. Nevertheless, by virtue of the fact, that it is a part of the constitution, it is likewise matter

of substance. Courts, which are creatures of the constitution and the law thereunder, have no authority to dispense with that which the constitution requires. For if it be once held that courts can dispense with any portion of the constitutional requirements, then there is no limit upon the power of the courts in that respect. They may dispense with the entire constitution.

It will be observed that the information before us contains no allegation whatever, no certainty, as to what sovereign has been offended. Within the territory there were, at least, two sovereign powers exercising jurisdiction—the federal and the state. It matters not that we know that the former does not possess, and the latter does possess authority to punish for offenses of the character of that attempted to be charged herein.

It is written in our constitution, that no person shall be deprived of his liberty "without due process of law"; it is likewise declared therein, that "all prosecutions shall be carried on in the name and by the authority of 'The People of the State of Colorado,' and conclude 'against the peace and dignity of the same.'" That instrument further declares, that prosecutions, in the courts, for felonies, shall only be upon indictment or information. Thus we have the express mandate of the constitution that an indictment or an information for a felony shall have therein the very words lacking in the information before us.

, In *Cox v. State*, 8 Tex. Ct. App. 254, 34 Amer. Rep., 746, after declaring that by § 12 of Art. V of the Texas constitution, "all prosecutions shall be carried on in the name and by the authority of 'The State of Texas,' and conclude 'against the peace and dignity of the state,'" and pointing out that the indictment under consideration did not conclude "against the peace

and dignity of the state," the court says: "that whilst the constitutional requirement is, critically speaking, matter of form, it is also nevertheless matter of substance by virtue of the fact that it is part of the constitution, no declaratory portion of which are the courts empowered with authority to declare only formal when the language is positive and unambiguous. However much we may feel disposed to consider a matter prescribed by the constitution ill-advised or useless—however much we may be inclined to doubt the propriety of inserting into the organic, fundamental law of the state requisites of forms with regard to procedure and practice in the courts—the answer is, the people themselves, the source of all power and authority in a republican government, have spoken it, and with regard to their *ipse dixit*, when contained in the constitution, which is but the expression of their sovereign will, the courts can only bow in humble obedience and say *'ita est scripta.'* If plain and unambiguous, no ordinary rules of construction are applicable to these expressions; their inherent, binding authority is superior to all ordinary rules. As was said by Mr. Justice Emmet, and concurred in by Judge Cooley: 'It will be found, upon full consideration, to be difficult to treat any constitutional provision as merely directory and not imperative.' *People v. Lawrence,* 36 Barb. 186; Cooley's Const. Lim. (3d ed.) 82."

In *Rice v. State,* 3 Heisk. (Tenn.) 215, 230, it was said, that an indictment "that does not conclude 'against the peace and dignity of the state,' is a nullity. It is a positive injunction of the constitution itself, that such shall be the conclusion of every indictment. It is, therefore, a matter that can not be affected by legislation, and a defect that cannot be ignored by the courts. An indictment without these words is not an accusation of crime, and not an indictment in the sense of the constitution. No conviction upon such an

indictment could be permitted to stand; and a prisoner can not waive his rights in this respect, as it is the imperative mandate of the constitution, that all crimes shall be prosecuted by presentment or indictment, and that all indictments shall conclude, 'against the peace and dignity of the state.' "

Mr. Bishop in his work, New Criminal Procedure (4th ed.), vol. 1, § 651, sub. 4, after reviewing many cases upon the question now under consideration, says: "The rule derivable from all, and from the analogies of the law, would seem to be that unimportant words omitted from the constitutional form of the conclusion, or changed therein, will not necessarily vitiate it; but whatever alters the substance, even in what seems unimportant, will render it void." After stating that the requirement, that prosecutions "shall be carried on in the name and by the authority of the state," is held by some courts to be sufficiently complied with if the record shows it in any form, and by others to be merely directory, the author continues in § 652a, sub. 1, as follows: "The other provision—namely, as to the conclusion—has often, and it appears always, been interpreted as mandatory; even, by some or all opinions, to the extent that it can not be waived by the defendant."

In *Williams v. State*, 27 Wis. 402, 403, it is said: "The constitution provides, that 'all indictments shall conclude against the peace and dignity of the state.' This mandate is imperative, and an indictment which does not so conclude is necessarily bad. The courts have no authority to dispense with that which the constitution requires."

I believe I am warranted in saying that all the authorities agree that when the constitution of a state requires an indictment or information to conclude in certain forms and words, the instrument not so concluding, either exactly or substantially, is void. Some of the

cases say that it is void; some that it is insufficient to support a conviction; others that it is mandatory and the courts must enforce it; and still others that "the courts have no authority to dispense with that which the constitution requires." The effect of the language of all is, that the omission of the required constitutional words renders the instrument void.—*Smith v. State,* 120 Ala. 115; *State v. Dycer,* 85 Md. 246, 252; *State v. Durst,* 7 Tex. 74; *Wallace Thompson v. State,* 15 Tex. App. 39; *R. Thompson v. State,* 15 Tex. App. 168; *Lemons v. People,* 4 W. Va. 755; *Thompson v. Commonwealth,* 20 Gratt. 724; *Nichols v. State,* 35 Wis. 308, 311; *State v. Waters,* 1 Mo. App. 7; *State v. Lopez,* 19 Mo. 254; *State v. Pemberton,* 30 Mo. 376; *State v. Stacy,* 103 Mo. 11; *State v. Campbell,* 210 Mo. 202.

The same doctrine is announced in the Encyc. of Pleading and Practice, vol. 10, p. 441; in the 10 Amer. & Eng. Encyc. of Law, (1st ed.) 514, and 22 Cyc. 243, 244.

The rule does not obtain, though sanctioned by long usage, unless required by constitutional provision. *Bolin v. State,* 71 N. W. (Neb.), 444, 446.

In *Cox v. State, supra,* the court expressed its belief that it had consulted every accessible case in the United States wherein the question had been reviewed, and had found but two cases—that of *Cain v. State,* 7 Blackf. 612, (4 Blackf. 512), and *Commonwealth v. Paxton,* Ct. of Quar. Sess. of Chester County, Penna., published in the Legal Intelligencer, November 14, 1879,—where such defects were held mere matters of form.

I have examined *Cain v. State,* referred to in *Cox v. State, supra,* and find the case in 4 Blackf. 512, instead of 7 Blackf. 612. The indictment there under consideration concluded, "against the peace of the state." The prosecuting attorney was permitted to amend it so as to read, "against the peace and dignity of the state."

In the opinion it is said: "The indictment, as it was returned, was undoubtedly insufficient; but the question is, whether the Court was authorized to amend it, so as to make the conclusion of the indictment conform to the requisition of the constitution? There is no doubt but that the court, by the consent of the grand jury, may amend indictments in matters of form." And further in the same opinion it is pointed out, that the constitution does not require that the conclusion, required in all indictments, be found by the grand jury. The act of the court in permitting the amendment, under the circumstances, was upheld. I have been unable to secure *Commonwealth v. Paxton,* but find it cited in vol. 3, Brightly's Digest to Pennsylvania Reports, from which it appears that in the indictment, under consideration in that case, were several counts. Only the last count concluded with the words "against the peace and the dignity of the Commonwealth of Pennsylvania." It was held, "the insertion of these words in the last count of an indictment, is sufficient, though omitted in others."

In some of the authorities the question was presented on writ of error or appeal, and not by *habeas corpus,* yet in all it is in effect held, that the failure to substantially comply with the requirement, renders the indictment or information void, not voidable. If the indictment or information is void, all proceedings founded thereon are equally worthless. Because one's rights, injuriously affected by a void judgment, may be protected by a writ of error does not preclude such person from securing relief by *habeas corpus.* "Conviction without authority of law is unwarranted, and will justify a discharge on *habeas corpus.*"—Amer. & Eng. Encyc. of Law, vol. 9, p. 214; Church on Habeas Corpus, § 370.

In the majority opinion it is pointed out, that defendant failed to avail himself of a motion to quash, or

in arrest of judgment, and failed to have the case re-
viewed on error, and apparently certain sections of the
statute are cited to support the implied conclusion, that
thereby the defendant waived his rights in that respect.
When the constitution of the state provides how an in-
dictment or information shall conclude—that is, pre-
scribes the particular words of conclusion—they must
be substantially written therein before the instrument
called an information or indictment is such.  The de-
fendant can not waive such requirement.    The legis-
lature, which is the creature of the constitution, can
not dispense with it.   It is not a personal privilege,
but a constitutional provision which must be substan-
tially complied with in order to give a court jurisdiction
to proceed in the particular case.   In fact, it is the right
of society to have its fundamental and supreme law
complied with, and its substantial observance, is essen-
tial in distinguishing the power of the court from the
power of the mob.   To hold that a court can adjudge
in a particular case, that there is an indictment or in-
formation before it, vesting in the court jurisdiction of
the matter alleged, and of the person charged, and com-
mit such person to prison, and that the person so sen-
tenced can not be relieved therefrom on habeas corpus
when the alleged indictment or information is lacking
in an allegation which the constitution says shall be in
all indictments or informations, is, in effect, to hold,
that the court is vested with both judicial and legisla-
tive power—that it can prescribe the rules giving it
jurisdiction, change them when and in any particular
it pleases, and proceed in all respects without regard to
the law of the land.   This can not be.   The declaration
written into Magna Charta that "No freeman shall be
taken or imprisoned,   *   *   *   nor will we pass upon
him, nor will we send upon him, unless   *   *   *   by
the law of the land," became, and is a basic principle
of our government, and is as binding a prohibition and

limitation upon the state, as it was upon the king, who was forced to recognize and concede it as a necessary protection to the rights of free men.

I am persuaded that the cases cited in the majority opinion have no application to the matters here involved. *Frisbie v. U. S.* 157 U. S., 160, 168, holds, that it is unnecessary that a count in an indictment should conclude that the offense was "contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the United States." It is sufficient to say that the Constitution of he United States does not require that indictments or prosecutions shall so conclude. Moreover, the common law is not in force in the United States, and that government has no common law jurisdiction, so the requirements thereof need not be observed. Furthermore, it is pointed out in the opinion that under the rule of § 1025 Rev. St. such conclusion is unnecessary. Not having been required by constitutional provision, the Congress or law-making power had authority to act in the premises and declare what the rules should be.

*Ex parte Cain,* 120 S. W. 999, does no more than announce the familiar rule, that a writ of habeas corpus is not available to affect the purpose of appeal, certiorari or supersedeas. Moreover, the question involved was the constitutionality of an ordinance, and the defendant had not yet been tried. In *Caples v. State,* 3 Okla. Crim. 72; 104 Pac. 493, the objection was, that the information was styled *"State of Oklahoma," plaintiff, v. W. T. Caples, defendant,* instead of *"The State of Oklahoma,"* etc., and that the prosecution was not carried on in the name and by the authority of the state of Oklahoma as provided by § 19, Art. VII. of its constitution which is as follows: "The style of all writs and process shall be: 'The State of Oklahoma.' All prosecutions shall be carried on 'in the name and by the authority of the state of Oklahoma.' All indict-

ments, information and complaints shall conclude: "Against the peace and dignity of the state.'" In overruling the objection, the court says, on page 80 of the Oklahoma Report, "An information is not a writ or process; it is an accusation upon which writs and processes issue. * * * * This is supported by a great array of authorities. So this clause of the constitution clearly does not require an information to begin with "The State of Oklahoma.' It is true that the constitution requires that 'All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma,' but it is nowhere required that this allegation shall appear in the information or indictment." In the case at bar the omitted language is, by the constitution, expressly required to be in the information.

*State v. Kirkham,* 104 N. C. 911, and *State v. Peters,* 107 N. C. 876, instead of being authority for the conclusions reached in the majority opinion, clearly support the rule for which I contend. Those cases arose under the constitution of that state adopted in 1868. On page 911 of the opinion in the Kirkham case, it is said:

"In our Constitution of 1776 it was provided that indictments should conclude, 'Against the peace and dignity of the state.'" On page 913 of the opinion, it is said:

"The constitution of 1868 omits this requirement," and further on the same page, "The omission in the present constitution of the requirement that indictments shall conclude, 'Against the peace and dignity of the state' was not made without a purpose."

*People v. District Court,* 26 Colo. 380, and *People v. District Court,* 33 Colo. 328, are likewise inapplicable. They arose upon the alleged unconstitutionality of a law or ordinance when the respective petitioners still had a remedy to test their constitutionality by writ of error, supersedeas or appeal. As I read the two Colorado cases, they hold, in effect, that when the petitioner

wishes to attack a law or an ordinance as unconstitutional, he must do so directly by appeal or writ of error when either remedy is available. If neither of these remedies is available, an unconstitutional law may be attacked on habeas corpus under our own decisions. In *People v. District Court,* 26 Colo. 380, *supra,* the opinion on page 385, says: "In the exercise of our original jurisdiction we may properly, as we have recently done, determine on habeas corpus the constitutionality of a statute under which a person was convicted, if no other remedy exists; but we have always declined to exercise such jurisdiction, when adequate relief can be afforded by writ of error."

In the case at bar the remedy by writ of error does not seem to be open to petitioner. He sued out a writ of error and applied for supersedeas to this court. The supersedeas was denied and the writ of error subsequently dismissed. Petitioner thereafter made a motion to reinstate his writ of error, for the purpose of presenting the particular matter of which complaint is here made. This was denied. The only recourse he appears to have is to attack the information and the judgment thereon by habeas corpus, and I think the writ awarded should be sustained, and the petitioner relieved of the effect of the judgment and sentence.

I am authorized to state that Mr. JUSTICE MUSSER and Mr. JUSTICE HILL agree with my views as herein expressed.